**UNITED STATES**

**v.**

**Sergeant James L. LAVALLA, FR 474–84–8292 United States Air Force.**

**ACM 25542.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 May 1986.
Decided 3 April 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Harry L. Heintzelman, IV.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Andrew J. Adams, Jr., Lieutenant Colonel Robert E. Giovagnoni, Major David F. Barton, Major Joseph S. Kistler and Captain Robert L. Marconi, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

### DECISION

LEWIS, Judge:

The appellant stands convicted pursuant to his pleas of guilty of divers acts of carnal knowledge and adultery and one act of sodomy with MH, a female who was at the time of the offenses 13 years old. In accordance with the terms of a pretrial agreement a specification and charge alleging the rape of MH was withdrawn by the prosecution. The appellant's approved sentence is dishonorable discharge, confinement for three years, forfeiture of all pay and allowances and reduction to airman basic.

The appellant was placed in pretrial confinement on 18 February 1986, the date on which charges were preferred. His pretrial confinement status was continued by

the order of a reviewing officer. R.C.M. 305(i). He received a day-for-day credit for such confinement as required by *United States v. Allen,* 17 M.J. 126 (C.M.A.1984). He argues through appellate defense counsel that he is entitled to additional credit on two bases: (1) his pretrial incarceration was not required in accordance with standards set forth in R.C.M. 305(h)(2)(B); and, (2) the military judge originally detailed to the case failed in his responsibility to "review the propriety of pretrial confinement upon [his] motion for appropriate relief." R.C.M. 305(j). Having reviewed the circumstances of this case, we do not agree that additional pretrial confinement credit should be granted.

■ When the military judge at trial considered the propriety of appellant's pretrial confinement he applied the correct standard in evaluating the reviewing officer's decision that the appellant should be continued in the pretrial confinement status which had been ordered by his commander. That standard, as prescribed by the Manual, is whether the "decision was an abuse of discretion." R.C.M. 305(j)(1)(A). Based on our own evaluation of the matters considered by the reviewing officer in reaching his decision, we concur with the military judge's conclusion that the appellant is not entitled to relief for illegal pretrial confinement.

Information was provided to the reviewing officer by the appellant's commander, first sergeant, the Chief, Mental Health Clinic, at Little Rock Air Force Base and, indirectly, through the first two of these witnesses, from the appellant's wife and father. The general tenor of these inputs was that prior to being incarcerated the appellant appeared to be highly distraught and was likely to become more distraught upon learning that he would be facing a court-martial as opposed to receiving some less severe form of disciplinary action. While speaking in frustratingly nonspecific terms, the Chief, Mental Health Clinic, observed in a written report that he regarded the appellant "as at high risk when charges are preferred." He "strongly" recom-

mended pretrial confinement. The appellant's first sergeant advised the reviewing officer that he had spoken to the appellant's father by telephone the day before the hearing. The latter had expressed concern that his son had been drinking excessively and that he was likely to "be a threat to himself or others...." In concluding that release from pretrial confinement was "inappropriate," the reviewing officer stated, "There is reason to believe ... [the appellant] may cause harm to himself or others, or commit serious misconduct if released."

When the reviewing officer made his decision to continue the appellant in pretrial confinement status he had reasonable grounds to believe that offenses triable by court-martial had been committed by him. R.C.M. 305(h)(2)(B)(i). Among these offenses, as then charged, was the alleged rape of MH. Although facts subsequently elicited at trial suggest that the rape, if it occurred, would not ordinarily be regarded as aggravated in nature, the appellant at the time of the hearing faced potentially serious punitive consequences. As discussed above, concern had been expressed, both by a close relative and by a professional observer, as to how appellant might react when charges were preferred. It is unfortunate that these concerns were presented to the reviewing officer in a generalized fashion. Appellate defense counsel argues, in this respect, that the reviewing officer's predominant and overriding concern was that the appellant might try to harm himself. Indeed, this had been the gist of appellant's wife's fears as allegedly expressed to his commander prior to the hearing. Appellate defense counsel notes that the Court of Military Appeals has characterized pretrial confinement premised on such a concern as involving "a paternalism which is seldom appropriate." *United States v. Berta,* 9 M.J. 390, 392 (C.M.A.1980) (memorandum opinion and order). We need not view the reviewing officer's rationale so narrowly, as it is clear enough from his own words that he did not adopt a narrow view. In directing continued pretrial confinement he spoke of the

appellant's potential for harming others or engaging in further serious misconduct if he were released from pretrial confinement. R.C.M. 305(h)(2)(B)(iii)(b). The record before him provided an adequate basis for his apprehensions.

The military judge initially detailed to the case received a petition from the appellant for release from pretrial confinement in early April 1986, shortly after charges were referred to trial. Rather than personally reviewing the propriety of continued pretrial confinement, the military judge effectively directed that the appellant first exhaust his "administrative remedies" by petitioning the reviewing officer. The reviewing officer considered the matter in due course and adhered to his prior decision to continue the appellant in pretrial confinement status. Appellate defense counsel argues that the military judge failed to carry out his responsibility to personally review the matter. R.C.M. 305(j). Such a failure, if established, affords the appellant an independent basis for claiming credit against approved confinement. R.C.M. 305(k). We are not required to attempt to spell out the military judge's responsibilities in this case. This task, when it occurs, will not be easy. The Manual, itself, provides mixed guidance on this question. *See* M.C.M., Appendix 21, R.C.M. 305(j) Analysis (1984).

■ It is sufficient for the purpose of resolving this case that we note that any failure on the part of the military judge to comply with R.C.M. 305(j) did not cause appellant to serve confinement "as a result of such noncompliance." R.C.M. 305(k). If the initially detailed military judge had personally considered the petition, he would have examined the reviewing officer's decision against the same abuse of discretion standard as did his successor at trial. R.C.M. 305(j)(1)(A). There is no basis for our concluding that he would have determined the matter any differently. He would also have considered relevant information not earlier presented to the reviewing officer. R.C.M. 305(j)(1)(B). The appellant's wife had by this time denied an earli-

er statement attributed to her by the appellant's commander. This statement presumably concerned an unsettled marital relationship and her fears that her husband might harm himself. However, the premise for the reviewing officer's continuing pretrial confinement remained fundamentally undisturbed. There is, therefore, no basis for our concluding that the military judge would have been persuaded by the information available in early April 1986 that the appellant should be released from pretrial confinement. In light of the foregoing, the appellant is not entitled to an additional credit based on an averment that the military judge failed to respond adequately to his petition for relief.

The orderly administration of pretrial confinement in compliance with the various components of R.C.M. 305 must be accomplished within a labyrinth of procedures which are largely unexplored by military appellate decisions. Such exploration as has been attempted has resulted in interesting conclusions and the fashioning of an innovative remedy in at least one instance. *See United States v. Gregory*, 21 M.J. 952 (A.C.M.R.1986), *aff'd*, 23 M.J. 246 (C.M.A. 1986). Those involved in the pretrial confinement process must, above all else, bear in mind that competing interests of some magnitude are involved. Substantively, the Manual contemplates that those who, by a preponderance of available evidence, ought to be incarcerated while awaiting trial will be incarcerated. R.C.M. 305(h)(2)(B); 305(i)(3)(C). However, an individual's right to be free "must be paramount," if it is not properly balanced against a demonstrated threat to society's right to be safe. *United States v. Heard*, 3 M.J. 14, 20 (C.M.A. 1977). R.C.M. 305 is replete with procedural safeguards and provisions for sentence credit for noncompliance therewith. These provisions exist to insure that the balance is properly struck and that military accuseds will be less likely to suffer from the whim and caprice of heavy-handed authority. Those who undertake a decision making role in the pretrial confinement process have a weighty responsibility. An arbitrary or

patently erroneous judgment either for or against pretrial confinement can, without question, invite unhappy consequences.

 As previously noted, the appellant was found guilty of divers acts of carnal knowledge and adultery with MH, who was described in the adultery specification as "a child not his wife." The record confirms that these specifications described the same acts of sexual intercourse. We find the two offenses to be multiplicious for findings. *United States v. Hickson,* 22 M.J. 146 (C.M.A.1986); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983). *Cf. United States v. Caldwell,* 23 M.J. 748 (A.F.C. M.R.1987) (specifications alleging fraternization did not "fairly embrace" specifications alleging adultery). Charge III and its Specification, relating to adultery, are dismissed. The members were instructed that adultery and carnal knowledge were multiplicious for sentencing. Based on our review of the record we have concluded that the appellant was not prejudiced by the members' receiving evidence of the adulterous nature of his relationship with MH. His marital status would have come to the members' attention in any event. Therefore, reassessment of the sentence is not required.

We have examined the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings, as modified, and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the modified findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.