**UNITED STATES**

v.

**Technical Sergeant Gerald R. ROLFE, Fr 505–60–7271 United States Air Force**

**ACM 25870.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 Feb. 1987.

Decided 2 June 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge.

Although charged with desertion terminated by apprehension, the appellant was convicted of absence without leave from 18 February 1986 until terminated by apprehension on 28 November 1986. He was sentenced to a bad conduct discharge, confinement for one year and one day, total forfeitures, and reduction to E–1.

The appellant invites our attention to his pretrial confinement and alleges that the majority of it was illegal.

The appellant's unauthorized absence was from his unit at Offutt Air Force Base, Nebraska. On 28 November 1986 he was working at a service station in California not far from March Air Force Base. The owner of the service station received a telephone call from a U.S. Marine Corps station in the vicinity inquiring about the appellant as an absentee or deserter. Even though the owner told the appellant about the telephone call, the appellant did not flee but continued working. About an hour and a half after the telephone call civilian police arrived and apprehended the appellant.

Later the same day the appellant was turned over to March Air Force Base officials and placed in military pretrial confine-ment. A military magistrate stationed at March Air Force Base held a hearing on 1 December 1986 to determine whether the appellant should continue in pretrial confinement. He considered an Incident and Complaint Report which recounted the circumstances of the appellant's apprehension and return to military control; the appellant's testimony that he had known the Marines were looking for him, yet he did not flee; verification of that testimony from the appellant's fellow workers; testimony of the appellant that he had no intention to evade apprehension and wanted to get this over with, and the allegation of desertion. The magistrate decided the appellant should be released because even though he had received advance information he might be apprehended, he chose to remain at his place of work.

Released on 1 December 1986, the appellant remained at March Air Force Base on his own recognizance. The next day he reported back to the March Air Force Base Security Police and awaited the arrival of his first sergeant who was due in from Offutt Air Force Base to escort him back to his unit. Although the first sergeant was surprised that the appellant was not confined, he telephoned the Offutt Air Force Base staff judge advocate and told the latter that, based on the appellant's polite and courteous manner and the fact he didn't run from his place of work, the appellant didn't need to be confined. Using commercial air the two returned to Offutt Air Force Base without incident.

There the appellant's commander ordered him into confinement on 3 December 1986. An officer stationed at Offutt Air Force Base was appointed the same day to serve as magistrate. This second magistrate held his hearing on the afternoon of 4 December. He considered not only the report of the first pretrial confinement hearing and the appellant's testimony, but also numerous items of evidence which the first magistrate had not considered. These additional items included an Article 15 for a seven day absence without leave in July 1984; the oral testimony of the appellant's

commander; written statements of three noncommissioned officers made in February 1986 concerning the circumstances of the appellant's disappearance; squadron notes made in February and March 1986 concerning the appellant's disappearance; and papers concerning two of the appellant's checks dishonored about the time of his 1984 absence without leave.

The second magistrate ruled that the appellant should remain in pretrial confinement. The rationale for his decision was that:

> ... [I]t is my conviction that TSgt ... Rolfe is sincere in his belief that he will not 'run' again and that his only desire is to get this matter over with and behind him. However, I do not believe that he, nor can anyone else, truly judge his future actions. The evidence weighs in favor of his not being predictable under pressure. This is the second documented AWOL incident, and there are indications of loss of control under the influence of alcohol. Other factors reflecting lack of resolve on his part are his past weight control problems and the possibility of financial difficulties. I, therefore, must conclude that pretrial confinement is necessary and appropriate in order to assure that TSgt Rolfe is available for his trial on the charged offense.

Central to the issue before us is Rule for Courts-Martial (R.C.M.) 305(*l*), which provides:

> *Confinement after release.* No person whose release from pretrial confinement has been directed by a person authorized in subsection (g) of this rule [such as a magistrate] may be confined again before completion of trial except upon the discovery, after the order of release, of evidence or of misconduct which, either alone or in conjunction with all other available evidence, justifies confinement.

This provision was new to military jurisprudence when the Manual for Courts-Martial (M.C.M.), 1984, went into effect and was, "intended to prevent a 'revolving door' situation by giving finality to the decision to release." M.C.M., 1984, App. 21, R.C.M.

305(*l*). The drafters of the Manual also invited comparison with *United States v. Malia*, 6 M.J. 65 (C.M.A.1978). In that case, which involved an initial release by a magistrate of Malia from pretrial confinement, the United States Court of Military Appeals opined, "We believe the magistrate's release decision was reviewable either on his own motion, upon application of the defendant, or upon the request of command." *United States v. Malia, supra*, 67.

■ We have found no published court decisions construing this new provision. It is apparent, however, that the drafters of the M.C.M., 1984, intended to place some limitation upon the concept announced in *Malia*. It is clear that R.C.M. 305(*l*) would not permit a subsequent decision to place an accused in pretrial confinement if that decision was based solely upon the same evidence considered when the determination to release was made. , Additional evidence, or misconduct, discovered after the order of release is required. That evidence, of course, must, either alone or in conjunction with all other available evidence, justify pretrial confinement.

■ The case here illustrates a classic and not uncommon problem. Service members who are deserters or unauthorized absentees frequently return to military control hundreds or even thousands of miles from their home installations. Immediate pretrial confinement is often necessary. Arrangements often must be made to return the deserters or absentees to their installations of permanent assignment for trial or other disposition. Escorts from the home installations must sometimes be dispatched to take the returnees in hand. All these arrangements consume time; weekends or holidays may intervene making the accomplishment of the required administrative tasks more difficult. For instance, in this case the appellant was brought to March Air Force Base at 4:41 p.m. on a Friday afternoon. Considering the time differential between California and eastern Nebraska, the time was 6:41 p.m. at Offutt Air Force Base, well after general work hours. The next two days

were Saturday and Sunday. Because of the requirement that pretrial confinement be reviewed by a neutral and detached officer within seven days of its imposition (R.C.M. 305(i)(1)), it may be necessary for the holding installation to complete the review before the prisoner is returned to his or her home installation. Inherently, and unfortunately, the evidence and information concerning the absentee at the holding installation will most likely be less complete than that available at the home installation, for the absentee is usually a stranger and few pertinent records are locally available.

While the record does not disclose why it was thought necessary to complete the pretrial confinement review on Monday, 1 December, it was nevertheless accomplished by a magistrate appointed at the holding installation in California. That first magistrate considered only limited information which was readily available locally. On the other hand, the second magistrate at the appellant's home installation had before him additional significant evidence.

 The initial question is whether this additional evidence was discovered after the order of release for the purposes of R.C.M. 305(*l*). We conclude that it was. The phrases, "except upon discovery, after the order of release," are not qualified or caveated. The drafters of the Rules for Courts-Martial were experienced in military justice and undoubtedly aware of the practical problems of handling deserters and absentees returned to military control far from their home installations. We are certain they did not intend the discovery provision to be so narrow as to preclude subsequent meaningful consideration of evidence available at the home installation but not reviewed at a holding installation a thousand miles away. Accordingly, we hold that additional evidence available at a deserter's or absentee's home installation which is distant from the holding installation is, if the pretrial confinement reviewing officer at the holding installation was unaware of it,

evidence discovered after the order of release.

 Did, then, this evidence or misconduct, either alone or in conjunction with all other available evidence justify confinement? We conclude it did. In so deciding we apply the test that the reviewing officer's determination will be overturned only if his decision was an abuse of discretion. *United States v. Lavalla*, 24 M.J. 593 (A.F. C.M.R.1987); R.C.M. 305(j)(1)(A). The appellant's nine month unauthorized absence was terminated by apprehension, he had a previous unauthorized absence of seven days, he had problems adhering to Air Force standards (weight and bad checks), at the very inception of his unauthorized absence he was telling people he was coming to work at the base, and there were indications the appellant lost control under the influence of alcohol and was unpredictable. Factors which favored release were his decision not to flee once he knew military authorities were close on his trail, his cooperation once he was released, and his stated intention not to run. The reviewing officer obviously believed the former factors outweighed the latter factors and, thus, the preponderance of the evidence satisfied the requirements for confinement. Under the circumstances his decision was not an abuse of discretion.

For the above reasons we conclude the military's judge's ruling denying the appellant's motion for additional pretrial confinement credit was correct. The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judge LEWIS concurs.

SESSOMS, Senior Judge (concurring in part and dissenting in part).

I join the majority in approving the findings and sentence. However, I would award the appellant the additional relief he sought. The rule regarding confinement after initial release seems clear. "No person whose release from pretrial confine-

ment has been directed by a person authorized in subsection (g) of this rule may be confined again before completion of trial except upon the discovery, after the order of release, of evidence or of misconduct which, either alone or in conjunction with all other available evidence, justifies confinement." R.C.M. 305(*l*). It is ludicrous to suggest, in this day of instant telecommunications, that evidence in the knowledge and possession of the convening authority at the time of the initial review of the pretrial confinement, could be "discovered" at some later time. It could be argued, perhaps, that during some circumstances, such as a national emergency, information in the possession of the convening authority is not reasonably in the possession of the confinement reviewing officer. This is not such a case and the subsequent review of the initial confinement determination under the circumstances here present is clearly a violation of the rule. The additional credit should have been awarded by the trial judge.