UNITED STATES

v.

**Airman Christopher RIOS, FR 554–06–0784, United States Air Force.**

**ACM 25923.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 Nov. 1986.

Decided 8 July 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge:

In accordance with his pleas the appellant was convicted by general court-martial of robbing a German national of 3060 Deutsche Marks and of absence without leave for several hours. The military judge sentenced him to be discharged from the Air Force with a bad conduct discharge, forty-two months confinement, total forfeitures, and reduction to the grade of E–1. Except for reducing the confinement to three years pursuant to a pretrial agreement and limiting the total forfeitures to three years, the convening authority approved the sentence as adjudged.

The appellant invites our attention to the correctness of the military judge's ruling with respect to alleged illegal pretrial confinement. At trial he had moved for appropriate relief in the form of additional day for day credit, as authorized by Rule for Courts-Martial (R.C.M.) 305(k), for the time he had spent in pretrial confinement. He argued that the military magistrate who had reviewed his pretrial confinement had abused his discretion in deciding the appellant should remain in pretrial confinement. In denying the motion, the military judge found that the magistrate had not abused his discretion.

The military judge shall order release from pretrial confinement only if the decision of the reviewing officer, the magistrate in this case, was an abuse of discretion. R.C.M. 305(j). Pretrial confinement may only be continued if it is believed upon probable cause, that is upon reasonable grounds, that the prisoner committed an

offense triable by court-martial, confinement is necessary because it is foreseeable that the prisoner will not appear at legal proceedings or he will engage in serious criminal misconduct, and less severe forms of restraint are inadequate. R.C.M. 305(h)(2)(B). If a reviewing officer is to continue pretrial confinement, his findings consistent with R.C.M. 305(h)(2)(B) must be supported by the preponderance of the evidence. Air Force Regulation (AFR) 111-1, Military Justice Guide, 1 August 1984, as amended, paragraph 3-24e(3)(b).

In this case the military judge had before him the report of the magistrate, consisting of the latter's summary and findings, summaries of three witnesses' sworn testimony, two written sworn statements by the appellant, the commander's memorandum, and other documents. This report contains the evidence we will review to determine whether the magistrate abused his discretion. Our review will also be limited to the appellant's complaints, i.e., that "it was neither foreseeable that the [appellant] would not appear or that he would engage in serious criminal misconduct," and "less severe forms of restraint were adequate."

About 2000 hours the evening of 19 July 1986 the appellant and Al C. Whitney went, on a motorcycle, to a fest in Bell, Federal Republic of Germany. The fest was operated by Mr. Harald Stein and his family. From time to time during the evening Mr. Stein took money from the operations and put it in metal boxes and wallets located in a Volkswagen parked behind the fest tent. At about 0030 hours, 20 July 1986, Mr. Stein was engaged again in transferring money to the automobile. According to the sworn testimony of a Security Police Investigator, who had interviewed Mr. Stein, and a witness, Mr. Stein was assaulted by the appellant and Whitney. He was hospitalized with a broken nose and multiple facial lacerations and contusions. Four days later Mr. Stein was still hospitalized. The appellant took two metal boxes containing an estimated 3200 Deutsche Marks and fled. Whitney was momentarily detained by Mr. Stein and, after breaking away, was caught shortly thereafter by a pursuing witness. Investigation at the scene revealed that the Stein family vehicles at the scene had been intentionally disabled by pulling an ignition wire and deflating tires.

The appellant's version, given in written statements to the Security Police, was different. He said the German operators of the fest were trying to beat them up. Seeing one of the Germans near a car, he hit the German until he stopped moving. The German then threw a metal box at him, and he picked up the box in order to hit the German with it. Seeing people coming out of the tent, he fled with the box instead. He abandoned the motorcycle. The appellant, seeing money in the box, put the box under a pallet. A second metal box belonging to Mr. Stein was later found near the pallet. He spent the night in a deer hunter's stand and a children's zoo. Then he made his way back toward Hahn Air Base, where he was assigned, and spent the second night hiding in back of a garage near the base.

The morning of 21 July 1986 the appellant did not report to work. Later, at 1100 hours, the appellant telephoned his commander, who picked him up at a local Toyota dealer's establishment and put him into military confinement. At the time the appellant appeared disheveled, needed a shave, and had no I.D. card with him.

The only evidence that the appellant presented at the magistrate's hearing was the testimony of his commander. Although he recalled speaking with the appellant at the time of his arrival at the unit for duty, the commander had no knowledge of him on or off duty. To his knowledge the appellant had had no disciplinary problems while with the unit. He felt the appellant's behavior as to this incident was out of character. Nevertheless, the commander had determined, "Continued pretrial confinement is necessary in light of the seriousness of the offense, the accused's flight from the scene of the crime, and because of the likelihood that [the appellant] will not appear at trial, and that he can and will

commit further serious criminal misconduct if allowed to remain at liberty."

After finding probable cause to believe the appellant had committed robbery, the magistrate concerned himself with the appropriateness of pretrial confinement. In that regard he found, inter alia, that the appellant fled and avoided apprehension for two nights and he failed to report for duty on 21 July 1986. He further found that the appellant attacked and robbed Mr. Stein without provocation; that the appellant is capable of unprovoked misconduct if allowed to go free and confinement is necessary to avoid continued, foreseeable misconduct; and that lesser forms of restriction are not sufficient to prevent future misconduct. Concluding that continued confinement was appropriate, the magistrate determined that the appellant would stay in pretrial confinement pending trial.

▋ A military member charged with an offense may be ordered into pretrial confinement "as circumstances may require." Article 10, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 810. R.C.M. 305(h)(2)(B) generally describes those circumstances. Seriousness of the offense alone is not sufficient justification for pretrial confinement. *Fletcher v. Commanding Officer*, 2 M.J. 234 (C.M.A.1977); *United States v. Heard*, 3 M.J. 14 (C.M.A. 1977). However, we do not take those cases to mean that seriousness of the offense is not one factor to consider and that the circumstances surrounding and connected with serious offenses may not justify pretrial confinement. *Cf. United States v. Gaskins*, 5 M.J. 772 (A.C.M.R.1978). The viciousness of the appellant's unprovoked attack upon Mr. Stein—we recall that the appellant himself wrote that he hit the victim until the latter did not move— plus the obvious criminal premeditation revealed by the disablement of the Stein motor vehicles, paints a picture of an unscrupulous, dangerous man whom one can foresee committing violent crimes again. The employment of desperate escape devices such as hiding in a deer hunter's stand, sleeping in a zoo, holding up overnight behind a garage, and not returning home, that is the base, for almost two days, can be indicative of a unpredictable man who will escape when he feels the urge and sees the opportunity. Even though he turned himself into his commander after hiding two days, he still obviously lied in his written statements to the Security Police. This latter factor is a further indicator of his unreliability. On the other hand, there was little evidence that the appellant was a reliable person. At the magistrate's hearing he merely presented the testimony of his commander, who stated that, while to his knowledge there had been no disciplinary problems with the appellant, he didn't have any knowledge of the appellant on or off duty.

Although the magistrate did not expressly state that pretrial confinement was necessary to insure the presence of the appellant at legal proceedings, he did make findings which were tantamount to that. For this, and his express findings that confinement was necessary to avoid continued, foreseeable misconduct by the appellant and lesser forms of restriction were not sufficient to prevent future misconduct, there was substantial supporting evidence. Even though the magistrate did not insert the word "serious" before his findings concerning foreseeable misconduct, we believe it is fairly implied, for the whole import of his report was a discussion of serious misconduct. Considering all the inferences which could be drawn from the evidence, his findings were supported by the preponderance of the evidence. While we do not say that we would have decided the appellant should have remained in pretrial confinement had we acted as the magistrate, we do hold that the magistrate did not abuse his discretion and, accordingly, the military judge was correct in denying the motion for appropriate relief.

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was

committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge SESSOMS did not participate.

LEWIS, Judge (concurring):

I am willing to say that the appellant would have remained in pretrial confinement if I had served as magistrate. However, I concur fully with Judge Stewart that our charter is neither to agree nor disagree on this precise question, but to determine whether the magistrate abused his discretion. Clearly, he did not.