**UNITED STATES**

v.

**Airman Basic Stephen D. WILLIAMS, FR 317–68–5173, United States Air Force.**

**ACM 27674.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 Feb. 1989.

Decided 21 Sept. 1989.

---

2. *See United States v. Ohrt,* 28 M.J. 301 (C.M.A. 1989) (the foundation requirement); R.C.M. 905(e); Mil.R.Evid. 103(a)(1).

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Terry M. Petrie; Captain David G. Nix and Major Scott W. Stucky, USAFR.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

LEONARD, Judge:

Appellant asserts two errors for our consideration. We find limited merit in one and no merit in the other.

In the asserted error of limited merit, appellant maintains that the military judge should have granted him 65 days of additional credit for pretrial confinement under R.C.M. 305(k). At his trial, appellant asserted such credit was due because of two noncompliances with the requirements of R.C.M. 305.

■ First, appellant asserts that the military magistrate who conducted his pretrial confinement hearing did not properly apply the standards set out in R.C.M. 305(h)(2)(B) in making his decision to continue appellant in pretrial confinement.

R.C.M. 305(i)(3)(C) requires that the pretrial confinement reviewing officer find that the following requirements for confinement provided in R.C.M. 305(h)(2)(B) are proved by a preponderance of the evidence presented to him:

(i) An offense triable by court-martial has been committed;

(ii) The prisoner committed it; and

(iii) Confinement is necessary because it is foreseeable that:

(a) The prisoner will not appear at trial, pretrial hearing, or investigation, or

(b) The prisoner will engage in serious criminal misconduct; and

(iv) Less severe forms of restraint are inadequate.

Solely examining the reviewing officer's memorandum (Appellate Exhibit IV) it would appear that appellant is correct. The memorandum finds that the appellant committed offenses triable by court-martial, but the reasons stated for continued confinement are not clearly in accord with (iii) above and the memorandum makes no mention of consideration of less severe forms of restraint. However, when this issue was litigated at trial, the reviewing officer was called as a witness and offered the opportunity to explain his rationale for continuing appellant in pretrial confinement.

The reviewing officer's testimony clearly shows that he continued appellant in pretrial confinement because he believed there was a good chance that appellant would again absent himself without authority and not be present for future proceedings in his case. His testimony revealed that he based this conclusion on the fact that the appellant had already been AWOL twice and was facing a large number of relatively serious charges. He also testified that he considered the fact that the appellant was continuing to commit crimes and would probably continue to do so if he remained free. He further testified that, at the time of the pretrial confinement hearing, he was made aware that the appellant had been previously subject to a lesser form of restraint, an order from his commander to obtain permission to leave the base, and that the appellant had disobeyed this order and gone AWOL. Based on this he felt that less severe forms of restraint would not work.

It is clear from the reviewing officer's testimony that he properly considered the standards set forth in R.C.M. 305(h)(2)(B) in making his decision to continue the appellant in confinement. A reviewing officer's decision to continue a prisoner in confinement should not be overturned absent clear abuse of discretion. *United States v. Lavalla*, 24 M.J. 593 (A.F.C.M.R.1987). Pretrial confinement hearings are informal, non-adversary proceedings conducted by officers without formal legal training. Although a memorandum of the reviewing officer is required, there is no specified format and no requirements for the contents other than it must state the reviewing

officer's conclusions and the factual findings on which they are based.[1] R.C.M. 305(i)(6). The mere fact the reviewing officer did not precisely state his reasons for continued pretrial confinement does not amount to an abuse of discretion requiring additional credit. *United States v. Rios*, 24 M.J. 809 (A.F.C.M.R.1987).

■ A second irregularity in the pretrial confinement process was asserted in appellant's motion at trial. Appellant's first sergeant ordered him into confinement and his commander approved this action; however, the commander never prepared the memorandum stating the reasons for confinement required by R.C.M. 305(h)(2)(C). In his testimony at trial, the appellant's commander stated he was unaware of any requirement to prepare such a memorandum and he had not prepared any. However, he testified that he appeared at appellant's pretrial confinement hearing and explained his reasons for confinement to the reviewing officer. Unfortunately, the memorandum is required by R.C.M. 305(h)(2)(C)[2] and no exceptions are provided.[3] Further, R.C.M. 305(k) requires administrative credit against a sentence to confinement for noncompliance with subsections (f), (h), (i), or (j) of the rule. The required credit is one day for each day of confinement served as the result of the noncompliance.

Appellant was ordered into pretrial confinement on 5 December 1988. The reviewing officer held appellant's pretrial confinement hearing on 8 December 1988 and rendered his decision on 9 December 1988. Since the appellant's commander appeared at the hearing and provided the reviewing

---

1. Air Force Regulation 111–1, *Military Justice Guide*, paragraph 4–2g (September 1988), which was distributed to the field on 16 December 1988, provides the same general guidance.

2. Air Force Regulation 111–1, *Military Justice Guide*, paragraph 4–2c(2) (September 1988) also requires preparation of a commander's memorandum and does not provide any exception. However, this version was not distributed until 16 December 1988, and it was not available to legal and command personnel at the time of appellant's pretrial confinement hearing.

3. The analysis accompanying the 1984 Manual for Courts–Martial opined that no credit would

be due for omitting a step, such as the commander's memorandum, if the next step occurred within the time period for the omitted step. MCM, App. 21, Rule 305(k) (1984). If this drafter's comment were binding, it still would provide no relief in appellant's case. He was placed in pretrial confinement at 0945 on 5 December 1988 and the reviewing officer did not complete his memorandum establishing grounds for pretrial confinement until 9 December 1988. This amounts to a period of at least 96 hours and R.C.M. 305(h) requires completion of the commander's memorandum within 72 hours.

officer with his reasons for confinement, the reviewing officer properly considered all the matters required by R.C.M. 305(i)(3)(A) and his decision to continue the appellant in confinement was not tainted by the commander's failure to prepare a memorandum. Therefore, appellant is only entitled to four days of credit for the period 5—8 December 1988, which is the period of pretrial confinement served as a result of the noncompliance. *United States v. Shelton,* 27 M.J. 540 (A.C.M.R.1988).

 Appellant's other assertion of error is that his sentence was inappropriate in consideration of his work for the OSI and the prosecution. Appellate counsel also asserts many of the charges against the appellant were the direct result of his work for the OSI and that appellant's guilty plea saved the government considerable time and expense.

The appellant's cooperation with the OSI, his assistance in prosecution of other cases, and the time and effort saved by reason of his guilty plea were all called to the attention of the court members, and the military judge instructed them that they should consider these matters in determining the appropriate sentence. Appellate counsel's assertion, that many of the charges were the direct result of appellant's work for the OSI, is unsupported by the evidence. When appellant began working for the OSI and, at a number of points thereafter, he was told not to use or transfer drugs. Despite these instructions, he used, distributed and stole illegal drugs from the government to support his own drug habit. Appellant's charges are the direct result of his own criminal activities and not the result of any activities he undertook for the OSI.

Appellant faced a maximum punishment of 45½ years confinement, a dishonorable discharge and total forfeitures. He obtained a pretrial agreement with the convening authority that limited his maximum confinement to four years and received a sentence of a bad conduct discharge, three years confinement, and total forfeitures. The sentence is appropriate for the crimes of which appellant was convicted. Article 66(c), UCMJ.

Appellant is to be provided an additional four days of credit for pretrial confinement. After examining the record of trial, the assignment of errors, and the reply thereto; we conclude the findings and sentence are correct in law and fact. Accordingly, the findings and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK concur.