## UNITED STATES

v.

**Airman Rodney S. GAITHER, FR269–86–6462 United States Air Force.**

**ACM 30693.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 17 May 1993.

Decided 24 Jan. 1995.

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, and Captain Robert E. Watson.

Appellate Counsel for the United States: Colonel Jeffrey T. Infelise and Major John H. Kongable.

Before SNYDER, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT

SNYDER, Senior Judge:

Pursuant to his pleas, appellant was convicted by general court-martial of multiple

wrongful uses of marijuana and cocaine, absence without leave (AWOL), and issuing insufficient funds checks with intent to defraud. Articles 112a, 86, and 123a, UCMJ, 10 U.S.C. §§ 912a, 886, and 923a. The military judge sentenced him to a bad-conduct discharge, confinement for 30 months, total forfeitures, and reduction to E–1. The convening authority approved the sentence as adjudged. Appellant raises two assignments of error, one of which the Government properly concedes. We find the other one nonpersuasive and affirm the findings and sentence, but return the record for a corrected action of the convening authority.

The remaining issue addresses the legality of appellant's pretrial confinement. Paraphrased, the issue asserted in the parties' briefs is:

> Whether a military judge may properly uphold pretrial confinement already served on a basis other than that found by the reviewing magistrate?

Because we hold that the military judge abused his discretion in the manner by which he conducted a *de novo* hearing and in concluding the reviewing magistrate directed continuance of appellant's confinement on an incorrect basis, we need not address the issue to resolve this case.

## FACTUAL BACKGROUND

Prior to appellant entering his pleas of guilty, trial defense counsel requested the military judge to rule on the legality of appellant's pretrial confinement via a motion for appropriate relief. The military judge addressed the substance of the motion immediately after announcing the sentence.

In addition to the memoranda of appellant's unit commander and the reviewing magistrate, both the original reviewing decision and later reconsideration thereof, *see* Rule for Courts–Martial (R.C.M.) 305(i)(1), (2), (6), and (7), MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1984 (MCM), the military judge also considered additional evidence presented via stipulation of the parties and appellant's sworn responses during the inquiry into his guilty pleas. *See* R.C.M. 910(c)(5); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969).

Briefly, appellant was arrested by Charleston, South Carolina, law enforcement authorities on 31 October 1992 for the illegal possession of cocaine after a joint local and Air Force investigation. On 24 November 1992, he was released on bond and returned to duty without imposition of any military restraint. On 30 November 1992, the local solicitor waived jurisdiction of the offense to the Air Force. Appellant was duly placed on quarters between 25 and 29 January 1993 by medical authorities for injuries to his hand and foot. After a medical evaluation on 29 January 1993, he was instructed to return to duty with a profile limiting the extent of his duties.

Appellant did not inform his unit he was returned to duty, but endeavored to prolong his unit's belief he was still on quarters. His true status eventually was determined and, at least as of 2 February 1993, he was deemed AWOL. Between appellant's release from civilian confinement and his unauthorized absence, his commander also was informed of several insufficient funds checks issued by appellant. Appellant returned to duty voluntarily on 4 February 1993 after he concluded sufficient time had elapsed to preclude detection of drugs in his body. His unit commander ordered him into pretrial confinement on probable cause that appellant committed the offenses of which he ultimately was convicted, that he would continue to commit serious criminal misconduct, and that he would not appear for trial. The reviewing magistrate concluded appellant's continued pretrial confinement was necessary to ensure appellant's presence for trial because he was a risk to flee and had demonstrated an unwillingness to conform to Air Force discipline. On 1 April 1993, appellant's original detailed defense counsel petitioned the magistrate for reconsideration, citing additional information regarding the alleged AWOL and the fact that appellant's parents helped him post the civilian bond. The reviewing magistrate adhered to his decision after reconsideration on 13 April 1993, stating in part, "no new evidence [is] available."

After considering all of this evidence, the military judge found that the unit commander possessed sufficient information to conclude appellant would constitute a continuing threat to the morale, discipline, and effectiveness of his unit by *continuing to engage in serious criminal misconduct*, and that lesser forms of restraint would not have been adequate. The military judge then turned his attention to the findings of the reviewing magistrate, and thus began the road to the issue at hand.

MJ: [W]hat I sort of conclude is, with regards to [the magistrate], *right decision, wrong reason.* Where that leaves us under our law I'm not too sure.... I do not find a preponderance of the evidence that there was justification for pretrial confinement [because] ... he might flee.... I'm not aware of any case law that indicates that if there is a preponderance of the evidence that a decision by a commander, or a continued restraint decision by—or recommendation or whatever by a magistrate is justified but it's based upon an incorrect reason that's necessarily—that that necessarily leads to a right for extra credit if you will under RCM 305k. Am I making any sense to you, counsel?

TC: It appears that what you're doing, sir, here is to substitute your determination of preponderance of the evidence for that of the magistrate when I thought that what you were looking at is whether or not he abused his discretion.

MJ: Abused his discretion. OK. Let me restate that then.... Now I'm reviewing that for an abuse of discretion.... I'm not satisfied that there was a preponderance of the evidence that [appellant] was likely to flee the area to avoid prosecution for these offenses. Therefore, I conclude that since the proper standard was not met that's abuse of discretion.

\*      \*      \*      \*      \*      \*

TC: [The magistrate] said "I think there is probable cause to flee." Today you are saying, if I had to make that decision based on the evidence that [he] had in front of him I do not think there was probable cause to flee. Am I correct?

MJ: That's correct.

TC: And simply because two reasonable people are reaching an opposite conclusion you're calling that abuse of discretion?

MJ: That is correct.

\*      \*      \*      \*      \*      \*

DC: But what you're saying is that because there was a reasonable basis for the continued pretrial confinement even though not asserted by [the magistrate] there's not abuse of discretion that would result in credit for illegal pretrial confinement.

MJ: That's what I'm saying.

(Emphasis added).

## DISCUSSION

The excerpts of the dialogue between the military judge and counsel indicate that what may have fueled the military judge's uncertainty was calling his review by a name other than what it was substantively. Although the military judge verbalized to counsel that he was reviewing the magistrate's decision for an abuse of discretion, he in fact conducted a *de novo* hearing which developed information which was not before the magistrate and, under the circumstances, not appropriate to apply to the issue before him. Therefore, we believe it necessary to clarify the distinction between a review for abuse of discretion and a *de novo* review or hearing, and when one or the other is appropriate when reviewing the legality of pretrial confinement.

The legality of pretrial confinement may be reviewed by a military judge via motion for appropriate relief at any time after referral of the charges for trial. R.C.M. 305(j). This rule is quite specific as to how a military judge shall proceed in determining the issue.

(1) Release. The military judge shall order release from pretrial confinement *only* if:

(A) The reviewing officer's decision was *an abuse of discretion, and* there is not sufficient information presented to the military judge justifying continuation of pre-

trial confinement under subsection (h)(2)(B) of this rule;

(B) Information *not presented* to the reviewing officer establishes that the prisoner should be released under subsection (h)(2)(B) of this rule; or.

(C) The provisions of subsection (i)(2) or (3) of this rule have not been complied with and information presented to the military judge does not establish sufficient grounds for continued confinement under subsection (h)(2)(B) of this rule.

R.C.M. 305(j)(1)(A), (B), and (C). (Emphasis added).

R.C.M. 305(j)(1) *et seq* address more than one aspect of pretrial confinement, albeit in an indirect manner. The drafters of the MCM anticipated that, upon such a motion, the military judge would be faced with one or both of two related, but separate, issues: "1) whether the prisoner should be released at the time of the hearing; and 2) whether confinement already served was legal." MCM, Analysis, App. 21. As implied by the provisions of R.C.M. 305(j)(1), the proper standard of review will be determined primarily by which prong is litigated by trial defense counsel. Consequently, the military judge must be alert for whether an accused is contesting prong 1, 2, or both.

This Court has not addressed under what circumstances a *de novo* hearing is mandated. At least one panel of the Army Court of Military Review,[1] citing the intent of the drafters, has voiced a preference for a *de novo* hearing in all cases, the provisions of R.C.M. 305(j)(1)(A) notwithstanding. *United States v. Hitchman,* 29 M.J. 951 (A.C.M.R. 1990). *Hitchman,* however, did not elaborate on the inherent distinction between contesting. prong 1 or 2 of R.C.M. 305. Although a military judge will not commit error by conducting a *de novo* hearing in all cases, we disagree with our Army brethren that R.C.M. 305(j) envisions a *de novo* hearing in all cases. To the contrary, as the instant case demonstrates, error may enure from conducting a *de novo* review which is not mandated.

Instead, we believe the better view is that the specific relief requested by an accused, that is, the specific prong which is contested, will determine whether the military judge should determine the legality of pretrial confinement via a standard of abuse of discretion, or conduct a *de novo* hearing. In view of the fact that appellant contested prong 2, that is the legality of pretrial confinement *already served,* we first consider the standard applicable to that prong.

When an accused contests prong 2, the legality of pretrial confinement already served, this Court's precedents consistently have applied the standard of review in R.C.M. 305(j) that a reviewing magistrate's decision on the propriety of pretrial confinement will be reviewed by a military judge, and this Court, solely for an abuse of discretion. *United States v. Rios,* 24 M.J. 809 (A.F.C.M.R.1987); *United States v. Rolfe,* 24 M.J. 756 (A.F.C.M.R.1987); *United States v. Lavalla,* 24 M.J. 593 (A.F.C.M.R.1987); *contra Hitchman,* 29 M.J. at 953; *but see United States v. Sharrock,* 30 M.J. 1003 (A.F.C.M.R.1990); *aff'd in part,* 32 M.J. 326, 332 (C.M.A.1991) (Everett, S.J., concurring); 32 M.J. 326, 333 (Cox, J., concurring) (Article 66(c), 10 U.S.C. § 866(c), power authorizes courts of military review to review the issue *de·novo* ).

An abuse of discretion standard of review, by its very nature, involves the act of reviewing the identical issue and information as did the magistrate below. *Hitchman,* 29 M.J. at 954; *Rios,* 24 M.J. at 810. Thus, the adjuration that neither the appellate court nor military judge will substitute one's judgment for that of the magistrate. *Rios,* 24 M.J. at 811. Further, an abuse of discretion review under R.C.M. 305(j) may be conducted by a military judge without a hearing. *See* Analysis, MCM, App. 21 ("the matter may be addressed in a conference under R.C.M. 802 and, if the parties agree, resolved without need for an Article 39(a) [UCMJ, 10

---

1. All of the service courts of military review are now courts of criminal appeals. *See* Pub.L. No. 103–337, 108 Stat. 2663 (1994).

U.S.C. § 839(a) ] session").[2] When ruling on the legality of pretrial confinement already served, rarely should the military judge deem it necessary to take testimony and make findings of fact, unless it is necessary to rule on alleged improprieties in complying with R.C.M. 305(i), or to recreate a record of the information on which the magistrate relied. *See, e.g., United States v. Walker,* 26 M.J. 886, 891 (A.F.C.M.R.1988), *pet. denied,* 27 M.J. 463 (C.M.A.1988).

■ When information not presented to the magistrate is presented to the military judge then, inherently, neither abuse of discretion by the magistrate nor pretrial confinement already served is the issue. In such cases, prong 1 becomes the issue, that is, whether release is required *at the time of the hearing.* To resolve a prong 1 claim, the military judge must conduct a *de novo* hearing.

R.C.M. 305(j)(1) and its subparagraphs plainly anticipate the necessity of the military judge receiving and considering new information in ruling on prong 1 either separately or in conjunction with prong 2. Subparagraph (A) provides for the situation of the military judge finding the magistrate committed an abuse of discretion with regards to pretrial confinement already served, but, nonetheless, finding new information not presented to the magistrate supports pretrial confinement as of the time of the hearing. In such a situation, the appropriate R.C.M. 305(k) credit will be ordered as appropriate.

Subparagraph B provides for the opposite scenario: the military judge finding no abuse of discretion by the magistrate in upholding an accused's pretrial confinement based on the information presented, but also finding that new information presented at the hearing supports an accused's release under R.C.M. 305(h)(2)(B) *as of the time of the hearing.* In such cases, however, the pre-

trial confinement already served will not garner R.C.M. 305(k) credit. In addition to addressing pretrial confinement in the strict sense, prong 1 also may involve the issue of confinement initially imposed after findings but before imposition of sentence. *See e.g., United States v. Mahoney,* 36 M.J. 679, 680–81 (A.F.C.M.R.1992). In any event, even when addressing prong 1, *de novo,* the findings of the magistrate, if any and where applicable, will still carry substantial weight with the military judge when ruling on the matter. *See* MCM, Analysis, App. 21.

In the instant case, in addition to the memoranda of appellant's commander and the reviewing magistrate, the military judge also relied on a stipulation of fact between the parties which essentially recapped the information relied on by the unit commander and the magistrate. However, at the request of the trial counsel and without defense objection, the military judge also relied on appellant's sworn responses during the inquiry into his guilty plea. The latter produced information which was not presented to the magistrate, primarily the fact that appellant deliberately absented himself without authority to avoid a urinalysis which would have detected his drug abuse. This probably was instrumental in the military judge ruling as he did.

The military judge was ruling on prong 2 and prong 2 only. By not relying solely on the magistrate's package to make his ruling, he inadvertently strayed into a *de novo* review.[3] Considering appellant's statements made during the inquiry into his guilty plea on matters other than those of which he was advised might, if done over objection, raise substantive issues. However, we leave that question for another day.

■ Our main concern, is that the information related during the guilty plea inquiry played no part in the original decision to

2. A stern note of caution is in order: where the issue is determined solely on this basis, it is trial counsel's responsibility to ensure that all information presented to the magistrate is made a part of the record.

3. In fairness to the military judge, he did not receive ideal assistance from the trial counsel on this motion. Although the magistrate's memo-

randum referenced having reviewed the attachments to the unit commander's memorandum, the parties below introduced it without the attachments listed thereon. In view of the stipulation of fact and the absence of a dispute regarding the facts, we do not view this oversight as pivotal to the issue. *But see* note 2, *supra.*

place appellant in pretrial confinement. Neither appellant's commander nor the magistrate apparently was aware of appellant's blatant, calculating reason for his AWOL. Therefore, we conclude the military judge inadvertently abused his discretion. We do not find this prejudicial, however, for we conclude that the magistrate did not abuse his discretion in ordering appellant's pretrial confinement to continue.

First, appellant's commander deemed confinement necessary under both R.C.M. 305(h)(2)(B)(iii) and (iv), and the magistrate did not find any of appellant's commander's conclusions unsubstantiated. Second, the magistrate found *all* the criteria of R.C.M. 305(h)(2)[ (B) ] present. Third, the magistrate found in part, respectively, in his original decision and his reconsideration thereof that:

> The charge of AWOL is indicative of his lack of commitment to adhere to military discipline. He displayed neither a commitment to his job nor a commitment to Air Force discipline. It does not appear he would be productive to his unit as suggested by the defense counsel.
>
> However, considering the AWOL charges, the numerous allegations, *and his demonstrated lack of adherence to military discipline,* I do believe he is a threat to flee the area.

(Emphasis added). In lay terms, these findings describe a troop who will continue to commit misconduct and therefore, is too unreliable to be trusted to appear for trial.

 As this Court has stated on prior occasions, the test is not whether we would have reached the same decision as did the magistrate but whether a preponderance of the evidence supports the magistrate's decision. *Rios,* 24 M.J. at 810. Considering all of the evidence before the magistrate, and the inferences reasonably drawable therefrom, we hold the magistrate did not abuse his discretion in finding appellant's continued confinement appropriate.

 One final observation is in order; we remind military judges that, in most cases, magistrates are not legal technicians or professionals. Their memoranda should be con-

strued in that light. The substance of the magistrate's findings should dictate the ultimate result rather than the presence or absence of legal terms of art.

The military judge directed that appellant receive an additional 5 days credit because the magistrate did not review his pretrial confinement within 48 hours of imposition. *See United States v. Rexroat,* 38 M.J. 292 (C.M.A.1993). The convening authority failed to direct this credit in his action. This was error, as properly conceded by the government. *United States v. Stanford,* 37 M.J. 388 (C.M.A.1993). The record of trial will be returned to the convening authority for a corrected action and publication thereof. Other than to assure accuracy of the corrected action, there is no need for this Court to review this case further.

Otherwise, the findings and sentence are correct in law and fact, Article 66(c), UCMJ, 10 U.S.C. § 866(c). Accordingly, they are hereby

AFFIRMED.

Judges PEARSON and SCHREIER concur.