872

UNITED STATES

v.

Airman Basic Sharonne M. JEMISON,
United States Air Force.

ACM S31168.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 5 June 2006.

12 Dec. 2007.

Appellate Counsel for the Appellant: Lieutenant Colonel Mark R. Strickland and Captain Christopher L. Ferretti.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, and Major Kimani R. Eason.

En Banc WISE, JACOBSON, SCHOLZ, FRANCIS, THOMPSON, SOYBEL, and HEIMANN, Appellate Military Judges.

OPINION OF THE COURT

SOYBEL, Judge:

In accordance with her pleas the appellant was convicted of one specification of failure to go and one specification of wrongful use of methamphetamine in violation of Articles 86 and 112a, UCMJ, 10 U.S.C. §§ 886, 912a. On appeal she alleges the military judge erred at trial because he interjected his personal views regarding the appropriateness of continued pretrial confinement and by intentionally delaying, until the day of trial, his ruling regarding a defense motion for appropriate relief to order the appellant's immediate release from pretrial confinement. For the reasons stated below we find the military judge erred.

*Background*

On 4 April 2006, the appellant was placed into pretrial confinement. On 19 May 2006, she filed a pre-trial motion styled, Motion for Appropriate Relief; Release from Pretrial Confinement. In it, she moved for immediate release and "[i]f opposed ... request[ed] an immediate hearing." There were two bases for the defense motion. First, she contended that the pretrial confinement reviewing officer (PCRO) had abused his discretion in determining whether the accused will engage in future serious misconduct. Second, she argued the PCRO had abused his discretion when determining whether lesser forms of restraint were appropriate.[1] More specifically, she argued the PCRO ignored the fact that she had been restricted to base on two prior occasions and no offense occurred during either time.

---

1. *See* Rule for Courts–Martial (R.C.M.) 305(h)(2)(B).

The government filed its response on 22 May 2006. Despite having the issues raised in the motion ripe for decision on that day the military judge did not rule on the motion until the day of trial, 5 June 2006, when he denied it. After establishing on the record that the defense filed the motion on the date indicated and the government had responded within three days, the military judge said the following:

> I considered the motion and the response and made the determination early on not long after I got the response ... to postpone consideration of the motion to today, which if this case goes up on appeal, may be a related issue that the appellate courts may want to consider; and that being, whether I abused my discretion by not immediately considering. Because that aspect, the primary purpose of the motion at that point, was to obtain the release of Airman Jemison from pretrial confinement. And I've effectively mooted that part of the motion by a decision to delay it until today.

The military judge then went on to discuss whether the use of methamphetamine is "serious criminal conduct" as that term is used in Rule for Courts–Martial (R.C.M.) 305(h)(2) et seq. After ultimately concluding that the use of methamphetamine is a serious offense, the military judge continued:

> Now when you look at the Accused's history—and this goes back to my rationale for not deciding your motion when you first brought it to my attention—it seemed clear to me that the Accused has a—I don't know if addiction is the right word. I believe from presiding over previous cases where methamphetamine was the drug in issue, that methamphetamine is a highly addictive drug.
>
> And from the prior uses that were evident in the time line that the Prosecution provided and their response and some of the information provided by the Defense in their motion, I concluded from that and still conclude that the Accused probably has-whether you call it an addiction or whatever it would be diagnosed as, I don't know. I don't have enough information. But she has a problem related to the use of methamphetamine, because it seems to keep on happening.[2]
>
> So when I first got the motion, I thought to myself, "Well, would it be right for me to hear this immediately and decide she should be released?" And I thought at the time she probably has a problem. If I let her out and she turns around and uses methamphetamine before trial, is that going to help her? No.
>
> Now appellate courts may take what I've said and decide that that's all improper for me to go through that analysis and that may confirm the belief that I have and that I've had for some time that no good deed goes unpunished, because my decision not to hear this motion until today was paternalistic. I felt I was doing the right thing that was in the best interests of the Accused because of these beliefs I have about the seriousness of methamphetamine and the addictive quality of the substance and the fact the Accused seems to have a problem with methamphetamine, where I didn't want to be the person responsible for getting her in trouble on the eve of a court-martial. That wouldn't be good, so I did not want to let her out to risk that happening.

After reviewing the decision made by the base-level pretrial confinement reviewing officer, the military judge denied the appellant's motion, ruling that the prior decision to keep the appellant in pretrial confinement was proper.

The military judge's decision to deny the appellant's motion, finding that the pretrial confinement officer had not abused his discretion was not error. *See generally United States v. Dvonch,* 44 M.J. 531 (A.F.Ct.Crim.App.1996). The real issue presented is whether the military judge erred when he delayed deciding the appellant's motion in order to impose his personal views as to

---

**2.** The appellant had five prior positive urinalysis tests for methamphetamine. Before trial she committed numerous other offenses such as failure to go and failure to obey a lawful order for which she received several letters of reprimand and nonjudicial punishment. This court-martial was her second for use of methamphetamine.

whether the appellant should remain in pretrial confinement. For the reasons stated below we find the military judge abused his discretion.

## Analysis

Twenty years ago, in *United States v. Lavalla*, 24 M.J. 593 (A.F.C.M.R.1987), we reviewed a similar case. Lavalla was placed in pretrial confinement and soon filed a petition with the military judge for release. Rather than considering Lavalla's petition, the military judge directed him to first exhaust his "administrative remedies" by petitioning the pretrial confinement reviewing officer.[3] Lavalla did, and the PCRO confirmed his initial decision to keep the appellant in pretrial confinement. Apparently, Lavalla did not re-petition the military judge to challenge the PCRO's confirmation of his initial decision.

On appeal, Lavalla sought additional credit against approved confinement for the military judge's failure to "carry out his responsibility to personally review the matter [pursuant to] R.C.M. 305(j)." *Id.* at 595. In deciding the issue, we declined to address the military judge's responsibilities to rule on the appellant's petition for release from pretrial confinement. Rather, we noted that "any failure on the part of the military judge to comply with R.C.M. 305(j)[4] did not cause appellant to serve confinement 'as a result of such noncompliance.' R.C.M. 305(k)." *Id.* (internal citations omitted).

Although we alluded to the notion that the military judge committed an error, we did not elaborate on this topic. However that was a different situation than the one we review today. One could read *Lavalla* as saying the military judge committed an error in *procedure* by requiring the appellant to exhaust his administrative remedies. *Lavalla* is also distinguishable from the instant case in that the military judge did not expressly decline to rule on the motion at the time it was submitted. Indeed, there is no indication in *Lavalla* that the appellant renewed the motion with the military judge after the PCRO reconsidered his decision.

■ Today we hold that a military judge's intentional refusal to timely rule on a motion for immediate release from pretrial confinement based solely on the military judge's subjective belief as to what is in the best interests of the accused violates the accused's Fifth Amendment due process rights.[5] We emphasize it was the military judge's basis for deferring ruling on this issue that was error and not the length of the deferment.[6]

■ In the instant case we need not guess the military judge's rationale for deciding to delay ruling on the appellant's motion until the day of trial. By his own words, the delay was based on his personal beliefs and was "paternalistic." We recognize his decision was motivated by what he perceived to be good intentions and was intended, from his perspective, to ultimately help the appellant. However, given the nature of the relief requested, the delay in this case was tantamount to denying the appellant's motion without due process of law. As our superior court has noted, paternalism such as the one demonstrated in this case is "seldom appropriate." *Berta v. United States*, 9 M.J. 390, 392 (C.M.A.1980). By intentionally delaying his ruling on the motion, the military judge imposed his personal views, for a period of 15 days, as to whether the appellant should remain in pretrial confinement rather than

---

3. The authority for this procedure is unclear.

4. R.C.M. 305(j) requires a military judge to review the propriety of pretrial confinement upon a motion for appropriate relief.

5. A military member's liberty interest is protected by the United States Constitution and may not be denied without due process of law. *See generally* U.S. Const. amend. V; *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (holding that due process requires representation by counsel in any criminal case that may result in imprisonment, however briefly);

*Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976) (holding that pretrial release is a "vital concomitant" to the presumption of innocence).

6. We realize there may be many legitimate reasons for not immediately ruling on a motion of this type. There may be scheduling problems, a witness may not be available, or there might be need for additional evidence. Any of these reasons, or others, may legitimately delay a military judge ruling on a motion and not create a situation where it was decided in an untimely manner thereby prejudicing an accused.

following the legal requirements of R.C.M. 305(j).

In *Berta*, 9 M.J. at 392, when granting a petition for extraordinary relief for immediate release from pretrial confinement, the court wrote

[W]e must give great weight to the discretion of the military magistrate and the military judge, who had a more detailed factual basis for action. However, when it appears that because of application of an entirely erroneous standard a serviceperson is being held in pretrial confinement, the situation is extraordinary enough to require extraordinary relief.

Clearly, by applying his personal beliefs to keep the appellant in pretrial confinement the military judge applied an erroneous standard and erred in this case.

Accordingly, it is ordered that the appellant be credited with additional pretrial confinement credit for the period covering from the day the issues on the motion were joined, 22 May 2006, through the day the motion was ultimately heard by the military judge on 5 June 2006. Because the military judge abused his discretion, the appellant will be credited an additional two days of credit for each day of that period. Therefore the appellant will receive a total of 30 days of additional credit for pretrial confinement. Since confinement has been served, this credit will be applied on a day-for-day basis against any forfeitures of pay implemented pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b.

### Conclusion

The findings and the sentence as modified are correct in law and fact, and no other error prejudicial to the substantial rights of the appellant occurred. The findings and sentence, as modified by the additional pretrial confinement credit, are

AFFIRMED.

Judge BRAND did not participate.