UNITED STATES, Appellee

v.

Rodney S. GAITHER, Airman,
U.S. Air Force, Appellant.

Nos. 95–0977.
Crim.App. No. 30693.

U.S. Court of Appeals for
the Armed Forces.

Argued May 23, 1996.

Decided Sept. 30, 1996.

For Appellant: *Major Ronald A. Gregory*
(argued); *Colonel Jay L. Cohen and Captain
Harold M. Vaught* (on brief).

For Appellee: *Major John H. Kongable*
(argued); *Colonel Jeffery T. Infelise* and
*Lieutenant Colonel Michael J. Breslin* (on
brief).

*Opinion of the Court*

COX, Chief Judge:

On May 17, 1993, appellant was tried by military judge sitting alone as a general court-martial at Charleston Air Force Base, South Carolina. Pursuant to his pleas, he was convicted of unauthorized absence, wrongful possession of marijuana, and 2 specifications each of wrongful use of marijuana, wrongful use of cocaine, and making bad checks, in violation of Articles 86, 112a, and 123a, Uniform Code of Military Justice, 10 USC §§ 886, 912a and 923a, respectively. The military judge sentenced appellant to a bad-conduct discharge, confinement for 30 months, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence.

The Court of Criminal Appeals affirmed the findings and sentence. However, it determined that the convening authority had failed to give appellant credit for 5 days of unlawful pretrial confinement as directed by the military judge. Accordingly, it set aside the convening authority's action and returned the record to the field for a corrected action. 41 MJ 774, 780 (1995). The convening authority has corrected his original action.

We granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ABUSED ITS DISCRETION IN UPHOLDING THE TRIAL JUDGE'S DENIAL OF THE DEFENSE MOTION FOR ILLEGAL PRETRIAL CONFINEMENT SENTENCE CREDIT.

We find no abuse of discretion.

After repeated offenses, appellant's commander, Lieutenant Colonel (Lt Col) Pruitt, ordered him into pretrial confinement on February 4, 1993. In his memorandum to the magistrate, Lt Col Pruitt stated that, in the preceding 5 months, appellant had been arrested by civilian authorities for distributing cocaine (October 30, 1992); and he had been apprehended by military authorities for using marijuana and cocaine on numerous occasions (October 1992); making and uttering bad checks (December 2 through 24,

1992); and unauthorized absence (January 29 through February 4, 1993). Lt Col Pruitt detailed his attempts to deal with appellant's misconduct during the previous 18 months, which included use of counseling, reprimands, and, in one instance, imposition of nonjudicial punishment under Article 15, UCMJ, 10 USC § 815. Lt Col Pruitt stated:

> Continued pretrial confinement is appropriate because I believe that Amn Gaither will engage in serious criminal misconduct if he is released from confinement. Given his history of failing to go and seriousness of the charges to be preferred against him, it is foreseeable that Amn Gaither will not appear at trial. I do not believe that lesser forms of restraint would be adequate.

Based on this evidence, the military magistrate continued appellant's confinement. He found that, although defense counsel had represented that appellant was married, in fact he was living off base with a friend. Therefore, there appeared to be no family ties which would tend to prevent his flight. Finally, he stated that appellant's most recent offense (unauthorized absence) indicated a lack of commitment to his job and to the military in general. All of this led the magistrate to conclude that appellant had "everything to gain and nothing to lose by fleeing the area."

Between initial confinement and trial, a new defense counsel was detailed. She obtained information that indicated appellant's unauthorized absence may have been due, in part, to his misinterpretation of medical orders authorizing him to be in "quarters" rather than at his duty assignment. She petitioned the magistrate for reconsideration of his earlier decision but, after further review, the magistrate adhered to his earlier conclusions.

Prior to trial, defense counsel moved for additional credit for pretrial confinement. For purposes of the motion, the parties stipulated to the facts set forth in defense counsel's motion. In addition, trial counsel, with the consent of appellant, requested that cer-

tain matters in the *Care*[1] inquiry be considered.[2] After reviewing this evidence, the military judge found that the magistrate had been correct in continuing confinement at the original hearing, but had done so for the wrong reason. He concluded that the magistrate had abused his discretion in determining that appellant was a flight risk. However, he also found that continued confinement was necessary to prevent appellant from committing additional offenses. In so doing, he took trial counsel's suggestion and utilized information from the providence inquiry. This obviously was information that was not possessed by the commander or the magistrate.

The Court of Criminal Appeals decided it need not resolve the issue of whether the military judge could uphold the decision to continue appellant's confinement based on a reason other than that articulated by the magistrate. Rather, it concluded that, by using the information from the providence inquiry, the military judge had conducted a de novo hearing on the matter instead of reviewing the decision of the magistrate for an abuse of discretion. However, it also found that appellant suffered no harm because the magistrate did not abuse his discretion when he found that appellant was an escape risk. 41 MJ at 780.

■ The real question posed by this case is whether the military judge should have reviewed questions related to the legality of pretrial confinement de novo or whether he should have considered the issue under an abuse-of-discretion standard, examining only the evidence before the military magistrate. We hold that the Court of Criminal Appeals correctly concluded that the decision should have been reviewed only for an abuse of discretion.

There are two aspects to the review of pretrial confinement by a military judge.

The first is whether the detainee should be released; the second is whether the confinement already served was legal. Drafters' Analysis of RCM 305(j), Manual for Courts-Martial, United States (1995 ed.) at A21–19. In this case, appellant was contesting the second issue.

RCM 305(j)(1)(A) directs a military judge to release an accused from pretrial confinement only if he finds that the magistrate abused his discretion and there is not sufficient information presented to justify continuing pretrial confinement. The Manual does not specifically set forth a standard for the remaining issue. However, it logically follows that when a military judge reviews the legality of confinement previously served, he should apply the same standard. Thus, the military judge should have limited his review to the information before the magistrate at the time the decision to continue confinement was made and should not have added additional facts into that decision.

■ This analysis applies only to the situation where an accused is requesting a decision as to the legality of confinement previously served. When a military judge is asked to determine whether confinement should be continued pendente lite, a different question is presented. An accused's contention that conditions have changed since he was placed in confinement or that new information has been developed which shows that confinement need not be continued requires a de novo review. *See* RCM 305(j)(1)(B).

■ In considering the correctness of a military judge's ruling on either subject, an appellate court should limit its review to the facts before the deciding official. Admittedly, this requires an appellate court to directly examine the magistrate's decision if the issue is whether the initial decision was proper. However, to allow a de novo review of the

1. *See United States v. Care,* 18 USCMA 535, 40 CMR 247 (1969).

2. The Court of Criminal Appeals stated that, at the request of trial counsel, the military judge considered appellant's statement during the providence inquiry that he had remained an unauthorized absentee to avoid a positive urinaly-

sis. 41 MJ 774, 779 (1995). In fact, appellant did make such an admission. (R. 57.) However, the record reflects that trial counsel asked the military judge to consider only the fact that appellant did admit that he had been directed to bring in his authorization to remain sick in quarters. This discrepancy is not germane to our resolution of this case.

magistrate's decision by either a military judge or a Court of Criminal Appeals would promote confusion as to which facts should be considered and undermine the deference to be given the magistrate's findings.

■ Applying this standard to the question of whether appellant should receive additional credit for pretrial confinement, we conclude that he should not. Information before the magistrate indicated that appellant had a history of flaunting military authority and that previous attempts by the command to bring him to heel had failed. Appellant was facing serious charges, and he had recently absented himself without authority. Thus, neither the magistrate's decision to continue confinement nor the conclusion of the Court of Criminal Appeals amounted to an abuse of discretion.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, and GIERKE, and Senior Judge EVERETT concur.