**UNITED STATES**

v.

**Airman First Class Amber L. SAVOY, United States Air Force.**

**ACM 36670.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 21 Oct. 2005.

16 Nov. 2007.

Appellate Counsel for the Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, Major Anniece Barber, Captain Chadwick A. Conn, and Captain Tiaundra Sorrell.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Lieutenant Colonel Michael E. Savage, Major Matthew S. Ward, Major Kimani R. Eason, Captain Jefferson E. McBride, and Captain Jamie L. Mendelson.

Before SCHOLZ, Senior Judge, JACOBSON, and THOMPSON, Appellate Military Judges.

OPINION OF THE COURT

SCHOLZ, Senior Judge:

In accordance with her pleas, the appellant was found guilty of failure to go, dereliction of duty for drinking alcohol while under the age of 21, use of marijuana on divers occasions, and use of cocaine, in violation of Articles 86, 92, and 112a, UCMJ, 10 U.S.C. §§ 886, 892, 912a. Officer members, sitting as a general court-martial, sentenced the appellant to a bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved the findings and sentence as adjudged. Pursuant to the military judge's ruling on a defense motion, the appellant was given 6 days of administrative credit against her adjudged confinement for illegal pretrial confinement under Rule for Courts–Martial (R.C.M.) 305(k). She was also credited with the 49 days she spent in pretrial confinement.

The appellant raises three allegations of error before this Court: (1) The pretrial confinement review officer (PCRO) abused his discretion in determining the appellant's pretrial confinement should be continued; (2) The appellant is entitled to additional credit under Article 13, UCMJ, 10 U.S.C. § 813, because her unit removed her from an inpatient mental health facility and put her into pretrial confinement to save unit funds and then failed to visit her weekly, as required by the Navy Confinement Instruction; and (3) The military judge committed plain error by failing to instruct members that a fine was an authorized punishment for the appellant's offenses. We find that the assignments of error have no merit and affirm both the findings and the sentence.

*Background*

The appellant was a 20–year–old Electronic Warfare Systems apprentice who had already received punishment under Article 15, UCMJ, 10 U.S.C. § 815, and a letter of reprimand for underage drinking before admitting to marijuana and cocaine use. After her commander preferred the first charge and specifications for wrongful drug use and she received the results of her sanity board, the appellant's misconduct increased precipitously and her behavior became self-destructive.[1] Within a month's timeframe, the appellant failed to go four times, drank underage, was put on probation by a state court for a criminal mischief conviction, attempted either suicide or to harm herself three times resulting in hospitalizations, and violated a no-contact order. Her new commander, Major H, ordered her into pretrial confinement and while she was in pretrial confinement preferred

---

1. A sanity board found the appellant fit to stand trial.

additional charges of failure to go and dereliction of duty for underage drinking.

The appellant pled guilty to all charges and specifications. After the findings were announced, the appellant's counsel submitted a motion for appropriate relief asking the military judge to grant two-for-one credit pursuant to R.C.M. 305(k) for illegal pretrial confinement for violations of R.C.M. 305.[2] The military judge considered the evidence, testimony presented by the parties, and the arguments of counsel. After the members announced their sentence and were dismissed, the military judge announced his findings and ruling on the motion. We excerpt his pertinent, written findings of facts and conclusions of law below:

> 11. On 9 Sep 05, the PCRO approved continuation of the accused's pretrial confinement. He found continued pretrial confinement was necessary because the accused had committed the five court-martial offenses alleged by Maj [H][3] and it was foreseeable the accused would continue to engage in serious criminal misconduct (e.g., continued use of illicit drugs and underage drinking) as well as not appear at trial or pretrial hearing. He also found lesser forms of restraint weren't sufficient because the accused had demonstrated the propensity to violate both verbal and written orders by violating a written "no contact" order and safety curfew given to her by her commander and had failed to go to her appointed place of duty on four occasions.
>
> . . .
>
> 13. Around 1 Sep 05, the Hurlburt Life Skills office conducted two meetings, attended by Maj [H] and personnel from legal, OSI and Life Skills to discuss the accused. The attendees were very concerned about the accused's safety and security and discussed her past suicide attempts and available options. Pretrial confinement was one of the options discussed. Continued in-patient treatment

was also an option, however, the accused no longer met the criteria used by civilian hospitals for in-patient treatment.

. . .

### CONCLUSIONS OF LAW

. . .

22. The main attack on the pretrial confinement decisions made by Maj [H] and the PCRO is they impermissibly based the need for confinement on preventing the accused from committing suicide. Defense counsel also alleges Maj [H] (and by implication, the PCRO as well) failed to consider lesser forms of restraint. Applying an abuse of discretion standard (sic) and considering only the information that was before Maj [H] and the PCRO when they made their decisions (*U.S. v. Gaither*, 41 M.J. 774 (A.F.Ct.Crim.App.1995)), the Court disagrees. While it's likely the possibility of the accused again trying to commit suicide was a concern on the minds of both men given the accused's erratic behavior preceding her 23 Aug 05 hospitalization, they also had other information before them when they made their decisions which evidenced an increasing disregard by the accused for reporting for duty and following orders. The accused's recent behavior also added an element of unpredictability to her conduct that could reasonably support a conclusion she would not appear for trial. Although preventing suicide is not a permissible basis alone for pretrial confinement (*U.S. v. Doane*, 54 M.J. 978 (A.F.Ct.Crim.App.2001)), it is a factor a commander or magistrate can consider in determining whether pretrial confinement is appropriate (*U.S. v. Wardle*, 58 M.J. 156 (2003))[sic].

23. While R.C.M. 305 requires a commander and reviewing officer consider lesser forms of restraint as an alternative to pretrial confinement, there's no requirement such measures be tried and fail be-

---

2. Although the trial defense counsel's written motion also requested release from pretrial confinement, the trial defense counsel elected not to request such relief when she presented her motion because of the likelihood the members would be adjudging a sentence that same day.

3. These offenses were use of marijuana, use of cocaine, dereliction of duty by drinking while underage, failure to go, and malingering.

fore confinement can be ordered (or continued). In this case, Maj [H] actually tried such a lesser measure (issuance of a "no contact" order), which the accused violated the very same day, before ordering her into pretrial confinement. The PCRO was also aware of this when he continued the accused in pretrial confinement. Consequently, the Court finds no abuse of discretion by either Maj [H] or the PCRO.

Therefore the military judge denied the defense motion for credit for illegal pretrial confinement in violation of R.C.M. 305(k) as to the confinement and continued confinement decisions made by the appellant's commander and the PCRO. The military judge did, however, grant the appellant six days of administrative credit for other violations; he found Maj H was not neutral and detached and so his 72–hour commander's memorandum [4] did not also satisfy the 48–hour probable cause determination required by R.C.M. 305(i)(1), and the appellant was not provided a copy of the PCRO's decision memorandum within 24 hours of his decision as required by Air Force Instruction (AFI) 51–201, *Administration of Military Justice*, ¶ 3.2.7 (10 Jul 2006).

*PCRO Decision*

█ On appeal, the appellant renews her argument that the PCRO abused his discretion when he continued her in pretrial confinement. She specifically asserts that her alleged offenses of marijuana and cocaine use were stale, her more recent offenses of failure to go and underage drinking were not "serious," there was no evidence she was a flight risk, the real reason she was put and kept in pretrial confinement was to prevent her from committing suicide, and lesser forms of restraint were not realistically tried.

We will overturn a military judge's findings of fact only if they are clearly erroneous. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F.2002). In regard to the question of the legality of pretrial confinement, we review for an abuse of discretion. *United States v. Wardle*, 58 M.J. 156, 157 (C.A.A.F. 2003); *United States v. Gaither*, 45 M.J. 349, 351–52 (C.A.A.F.1996). There is an abuse of

discretion when a military judge applies an erroneous view of the law. *United States v. Taylor*, 47 M.J. 322, 325 (C.A.A.F.1997); *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F.1995). An appellate court "should limit its review to the facts [that were] before the deciding official." *Gaither*, 45 M.J. at 351.

Applying these principles, we find the military judge's findings of fact and conclusions of law to be detailed, concise, and correct. We adopt them as our own, supplemented by our own careful review of the record. Faced with a court-martial for drug use, the appellant went on a month-long spree of substance abuse, disrespect for authority (e.g., failed to go four times, violated a no-contact order), and self-destructive behavior. Her actions were unpredictable and showed an increasing disregard for authority and reasonably led to the conclusion by the PCRO that it was foreseeable the appellant would continue to engage in serious criminal misconduct, may not appear at trial, and lesser forms of restraint would be inadequate. We further find that the military judge's rulings were fully supported by the evidence, and he did not abuse his discretion in ruling as he did. Thus, we hold the appellant's first assignment of error to be without merit.

*Article 13, UCMJ*

The military judge asked the trial defense counsel more than once during the trial whether or not the appellant had been punished in any way prior to trial that would constitute illegal pretrial punishment under Article 13, UCMJ. When first asked, the trial defense counsel told the military judge the appellant had been placed on a curfew at sometime earlier in the year and the trial defense counsel was "still currently investigating through the unit." The military judge told the trial defense counsel he expected her to complete her investigation posthaste. As the military judge was about to adjourn the trial, he reminded the trial defense counsel about her Article 13, UCMJ, matter that was still "hanging fire." Because the trial defense counsel said she was unable to get hold of her witness, the military judge said,

4. Required by R.C.M. 305(h)(2)(C).

Counsel, the case has been docketed and set for some time, so it's the court's opinion that you have had ample time to review that. I'm not going to delay the adjournment any further. You may continue to pursue that and if you conclude there is substance to the allegation, you may consider submitting it as part of your clemency process.

The curfew issue was not brought to the attention of the convening authority by the appellant in her request for clemency. However, the appellant now asserts for the first time that she is entitled to additional credit under Article 13, UCMJ, because her unit removed her from an in-patient mental health facility and placed her into a military confinement facility in order to save unit funds and then failed to conduct weekly visits as required by the Navy confinement instruction. *See* SECNAVINST 1640.9C, *Department of the Navy Corrections Manual*, paragraph 7208 (3 Jan 2006).[5]

Article 13, UCMJ, provides:

No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence [at trial].

In *United States v. Fricke*, 53 M.J. 149 (C.A.A.F.2000), the Court recognized that Article 13, UCMJ, prohibits two things: (1) The intentional imposition of punishment on an accused before his or her guilt is established at trial, i.e., illegal pretrial punishment, and (2) Arrest or pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial, i.e., illegal pretrial confinement. *Id.* at 154 (citing *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F.1997)).

If an accused, or appellant, can demonstrate that either existed, he or she is entitled to sentence relief. *See Mosby*, 56 M.J. at 310 (holding the "burden is on appellant to

establish . . . violation of Article 13"); R.C.M. 305(k) (additional credit may be ordered by the military judge for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances); *United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983), *aff'd in part and rev'd in part by* 20 M.J. 248 (1985). Whether the appellant suffered illegal pretrial punishment presents a mixed question of law and fact. *McCarthy*, 47 M.J. at 165.

Notwithstanding these rules, an appellant is not entitled to sentence credit on appeal for what is alleged to have been illegal pretrial punishment or confinement if such relief was not sought at trial, but instead, a tactical decision was made to use the complained of conditions as a means of obtaining a lesser adjudged sentence. *United States v. Inong*, 58 M.J. 460, 463 (C.A.A.F.2003) (citing *United States v. Southwick*, 53 M.J. 412, 416 (C.A.A.F.2000); *United States v. Tanksley*, 54 M.J. 169, 177 (C.A.A.F.2000)).

In *Southwick, Tanksley*, and *Inong*, our superior court held that when the record reflects a tactical decision to present the issue of illegal pretrial punishment to the court-martial panel with the goal of obtaining a lesser sentence, rather than presenting the issue to the military judge for the purpose of obtaining pretrial punishment credit, that tactical decision waives the issue of whether a specific credit for pretrial punishment is warranted. *Inong*, 58 M.J. 460, 461. The Court further held, "that in the future, failure at trial to raise the issue of illegal pretrial punishment waives that issue for purposes of appellate review absent plain error." *Id.*

To find plain error, we must be convinced (1) that there was error, (2) that it was plain or obvious, and (3) that it materially prejudiced a substantial right of the appellant. *United States v. Powell*, 49 M.J. 460, 463–64 (C.A.A.F.1998). To that end, we must review errors that are asserted on appeal but not raised at trial and determine their impact, if

---

5. Furthermore, the appellant also noted in her answer to specified issues that her parent installation did not have a written Memorandum of Agreement (MOA) with the brig at NAS, Jackson-

ville as required under Air Force Instruction 31–205, *The Air Force Corrections System*, ¶¶ 1.2.2.2., 1.2.2.3.1. (7 April 2004).

any, on the appellant's "substantial rights." *Id.*

While the appellant had ample opportunity to raise the issue of illegal pretrial punishment under Article 13, UCMJ, at trial, she instead chose to highlight her pretrial confinement conditions as matters in mitigation before the members in sentencing. The appellant's unsworn statement to the members described in detail the conditions of confinement at the Navy Brig in Jacksonville and included pictures of the facility which were provided to the members. In response to the trial defense counsel's questions, the appellant told the members how difficult pretrial confinement had been for her, especially because of her mental health condition [6] and that she had been visited by her family members and the trial defense counsel, but no one from her unit had called or visited her. The trial defense counsel made a compelling argument that no more confinement was necessary and said at least seven times, in various ways, that the appellant had been punished enough by her pretrial confinement.

This tactic, of putting the appellant's pretrial confinement conditions before the members in sentencing instead of asking the military judge to grant relief under Article 13, UCMJ, was effective for the appellant. The President of the Court made the following comment after announcing the sentence, "It is the general consensus of the members that we seriously hope that all efforts will be made to ensure that A1C Savoy gets the necessary treatment during confinement that was stipulated in the testimony ... of Doctor Villacis." [7] As was the case in *Southwick,* the appellant's sentencing case, on the whole, demonstrates a tactical decision to seek relief for pretrial punishment from the members instead of the military judge. As Judge Crawford said in her concurring opinion,

> [t]he accused serves as the gatekeeper in deciding who should apply the credit. Where the allegations of the onerous conditions are presented to the sentencing authority prior to sentencing, including Article 13 violations and prior non-judicial punishment, those factors will be taken into consideration when the sentence is adjudged and are not required to be applied against the approved sentence.

*Southwick,* 53 M.J. at 419 (Crawford, J., concurring).

Further we note that the complaint about the unit removing the appellant from an inpatient mental health facility and placing her into pretrial confinement in order to save unit funds was litigated at trial as part of the illegal pretrial confinement motion. The evidence of record from both the appellant's acting first sergeant and treating psychiatrist was to the contrary, and the military judge found accordingly in his ruling on this motion.[8]

Based on these facts and the *Inong, Southwick,* and *Tanksley* line of cases, we find the appellant is now precluded from arguing that the conditions of her pretrial confinement violated Article 13, UCMJ. We hold that, under the circumstances of this case, it was not plain error for the military judge not to grant, *sua sponte,* additional confinement credit for pretrial punishment. The appellant is therefore entitled to no sentence relief under Article 13, UCMJ.[9]

*No Sentencing Instruction as to a Fine*

Lastly, the appellant alleges plain error in that the military judge failed to instruct the

---

6. The appellant's mental health diagnosis was alcohol abuse and borderline personality disorder.

7. Dr. Villacis was the appellant's psychiatrist who testified that he had coordinated his diagnosis with and ensured mental health services were available at the Navy Brig in Jacksonville before the appellant was put in pretrial confinement.

8. After hearing all the evidence at trial, the military judge, citing his authority under R.C.M. 305(k) to order additional credit, found neither an abuse of discretion nor any evidence that the accused's pretrial confinement involved unusually harsh conditions.

9. We specified the issue of how the recent, *United States v. Adcock,* 65 M.J. 18 (C.A.A.F.2007) decision affects this assignment of error. Because of our holding, we do not decide that question. However we note that the government's regulatory violations (failure to visit and lack of a Memorandum of Agreement with the Navy Brig) concern us, especially in light of this appellant's mental health condition.

members that a fine was an authorized punishment option for the appellant's offenses. We find this issue to be without merit.

In preparing for sentencing instructions, the military judge asked counsel their positions on whether a fine was appropriate in this case. The trial counsel responded, "the government believes an instruction on a fine would not be necessary in this case," and the trial defense counsel agreed.[10] The appellant concedes that the issue was affirmatively waived at trial, but maintains it is plain error.

Having carefully considered the record, we are convinced there was no error; plain or otherwise. *Powell*, 49 M.J. at 463–64.

10. There was no evidence presented that the appellant was unjustly enriched as a result of the offenses for which she was convicted.

*Conclusion*

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and sentence are

AFFIRMED.