# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JEFFREY R. EDGINTON**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201300328**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 29 April 2013.
**Military Judge:** Col Philip Betz, USMC.
**Convening Authority:** Commanding Officer, 3D Assault
Amphibian Battalion, 1ST Marine Division (REIN), Camp
Pendleton, CA.
**Staff Judge Advocate's Recommendation:** Maj D.P. Harvey,
USMC.
**For Appellant:** Maj Babu Kaza, USMCR.
**For Appellee:** LT Ian MacLean, JAGC, USN.

**30 April 2014**

---
**OPINION OF THE COURT**
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial,
convicted the appellant, contrary to his pleas, of two
specifications of violating a lawful general order (possession
of drug abuse paraphernalia and Spice) and one specification of
obstructing justice, in violation of Articles 92 and 134,
Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The

military judge sentenced the appellant to confinement for four months, reduction to pay grade E-1, forfeiture of $1,010.00 pay per month for four months, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

The appellant raises two assignments of error (AOEs). In his first AOE, the appellant argues that the military judge abused his discretion when he upheld the initial review officer's (IRO) decision to continue the appellant's pretrial confinement. In his second AOE, the appellant argues that the findings and sentence should be set aside because the military judge failed to establish on the record the appellant's election to be tried by military judge alone.

After careful consideration of the record and the briefs of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

On 8 February 2013, the appellant was detained and placed in pretrial confinement for possession of Spice and drug abuse paraphernalia. Appellate Exhibit III at 15-16. On 13 February 2013, the appellant was subject to a 7-day review of his pretrial confinement under RULE FOR COURT-MARTIAL 305(i)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). The IRO, Lieutenant Colonel MG, heard from the appellant's command representatives and the appellant's assigned defense counsel, and he concluded that pretrial confinement should be continued. AE III at 8-17.

On 22 March 2013, the appellant was arraigned and the parties litigated a motion for appropriate relief that sought the appellant's release from pretrial confinement as well as administrative credit under R.C.M. 305(k) on the basis that the IRO had abused his discretion in ordering that the appellant's pretrial confinement be continued. AE III.

The IRO testified during the motion session regarding the evidence he considered and the rationale that he relied on to continue the appellant in pretrial confinement. Record at 27-41. The IRO found that the appellant posed a flight risk, because it appeared that he did not have a permanent residence as he had been caught living in an unauthorized barracks room while he was going through a divorce. *Id*. at 29. The IRO also found that the appellant posed a threat to engage in serious

2

criminal misconduct due to the nature of his crime, his attempt to convince a staff noncommissioned officer not to report it, and the nature of his work relating to the maintenance of vehicles. *Id*. at 29-30. The IRO acknowledged that he relied on the commanding officer's consideration in concluding that lesser severe forms of restraint were inadequate. *Id.* at 36.

The military judge denied the appellant's motion finding the following: that the IRO did not abuse his discretion; that he "executed an independent judgment"; that he appeared to have been "neutral and detached" in exercising his judgment; and, that he properly considered the information available to him in making his finding to continue the appellant in pretrial confinement. *Id.* at 47.

### IRO Decision to Continue Pretrial Confinement

The appellant asserts that the military judge abused his discretion when he found that the IRO was "neutral and detached." Appellant's Brief of 1 Nov 2013 at 8-9. Specifically, he argues that because the part-time IRO also served as a battalion executive officer for a different command and had been a command representative during other unrelated IRO hearings, he was *per se* not "neutral and detached." *Id*. We disagree.

We review a military judge's ruling on the legality of pretrial confinement for an abuse of discretion. *United States v. Wardle*, 58 M.J. 156, 157 (C.A.A.F. 2003) (citing *United States v. Gaither*, 45 M.J. 349, 351-52 (C.A.A.F. 1996)). An abuse of discretion occurs if a finding of fact is clearly erroneous or unsupported by the record, or if a decision is based on an erroneous view of the law. *United States v. Taylor*, 47 M.J. 322, 325 (C.A.A.F. 1997); *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995). We conclude the military judge did not abuse his discretion in finding that the IRO was neutral and detached. We also agree with the military judge's conclusion that the IRO did not abuse his discretion by deciding to continue the appellant's pretrial confinement.

An accused may be placed in pretrial confinement if:

the commander believes upon probable cause, that is, reasonable grounds, that:
(i) An offense triable by a court-martial has been committed;
(ii) The prisoner committed it; and

3

(iii) Confinement is necessary because it is
foreseeable that:
(a) The prisoner will not appear at trial, pretrial
hearing, or investigation, or
(b) The prisoner will engage in serious criminal
misconduct; and
(iv) Less severe forms of restraint are inadequate.

R.C.M. 305(h)(2)(B).

Within 7 days of ordering an accused into pretrial
confinement, the commander's decision must be reviewed by a
neutral and detached IRO or magistrate. R.C.M. 305(i)(2). The
IRO must find by a preponderance of the evidence that probable
cause exists to continue confinement. R.C.M. 305(i)(2)(A)(3).

A military judge reviews an IRO's conclusion to continue
pretrial confinement for an abuse of discretion. R.C.M.
305(j)(1)(A). In making his determination, the military judge
examines only the evidence that was before the IRO at the time
he made the decision to continue pretrial confinement. *Gaither*,
45 M.J. at 351; *Wardle*, 58 M.J. at 157. A military judge orders
release of an accused only if the IRO abused his discretion and
there is insufficient evidence presented to justify continued
confinement.[1] *Gaither*, 45 M.J. at 351; R.C.M. 305(j)(1)(A).

In this case, the military judge found that the IRO was
neutral and detached. The IRO did not know the appellant or the
facts surrounding the case prior to his review; he was not
acting as the appellant's executive officer; and, he was not
acting in a prosecutorial capacity as the IRO in the appellant's
case. After careful consideration of the circumstances
surrounding this case, we conclude that neither the IRO's
decision to continue pretrial confinement, nor the conclusion of
the military judge, amounted to an abuse of discretion.

**Forum Selection**

During the appellant's 22 March 2013 arraignment, the
military judge advised him of his rights regarding forum
selection. Record at 7. The appellant acknowledged that he had
discussed forum selection with his trial defense counsel, that

---

[1] An accused may also present new evidence to the military judge that was not
presented to the IRO as an additional basis for release from pretrial
confinement. R.C.M. 305(j)(1)(B). The appellant does not rely on this
aspect of the rule to press his appellate claim.

he understood them, and then reserved his forum selection decision for a future date. *Id.*

Following the litigation of the appellant's motion for release from pretrial confinement, the military judge approved the court-ordered milestones. Record at 48; AE I. In accordance with the court-ordered milestones, on 16 April 2013, the appellant, through his detailed defense counsel, submitted notice of pleas and forum to the court, electing trial by military judge alone. AE V.

On 29 April 2013, in accordance with the appellant's forum selection, AE V, trial began by military judge alone.[2] There were no challenges to the military judge and no objections by the appellant or his counsel with regard to the forum selection. Record at 51. The military judge did not re-address the appellant's forum selection rights and proceeded to hear evidence on the merits. After hearing the evidence from both sides, the military judge found the appellant guilty of all charges and specifications. *Id*. at 155.

After completion of the trial on the merits and sentencing, but prior to the announcement of sentence, the military judge stated:

> I didn't specifically state it on the record earlier, but I assembled this court with myself as the military judge as requested by the defense in their election marked as Appellate Exhibit V, specifically forum election, where the defense had requested to be tried by military judge alone.

*Id.* at 166.

The appellant argues that the findings and sentence should be set aside, because there is no evidence that his forum selection was knowing and voluntary. Appellant's Brief at 11. The appellant supplemented the record with an unsworn declaration stating that had he known he had the option, he would not have elected to be trial by military judge alone.[3]

---

[2] The military judge who sat as the court-martial was different from the military judge who presided at the arraignment and pretrial motion hearing.

[3] We granted the appellant's non-consent motion to attach his unsworn declaration on 13 January 2014.

5

The legitimacy of forum selection, specifically the election of military judge alone, is a question of law that we review *de novo*. *United States v. St. Blanc*, 70 M.J. 424, 427 (C.A.A.F. 2012). An accused may waive trial by members in favor of trial by military judge alone; however, Article 16(1)(B), UCMJ, requires that an accused make his selection of military judge alone "orally on the record or in writing." *Accord* R.C.M. 903(b)(2)(stating that "[a] request for trial by military judge alone shall be in writing and signed by the accused or shall be made orally on the record").

In this case, the trial defense counsel submitted the appellant's forum election prior to trial, requesting trial by military judge in accordance with the judicially-ordered milestones. AE I; AE V. Although trial defense counsel signed on behalf of the appellant, Appellate Exhibit V was not signed by the appellant. Additionally, the appellant's choice of military judge alone was never articulated on the record. Accordingly, the military judge failed to ensure full compliance with the statutory requirement under Article 16(1)(B).

Having found a statutory violation, we next consider whether there has been material prejudice to the substantial rights of the appellant. *United States v. Turner*, 47 M.J. 348, 350 (C.A.A.F. 1997). Under the circumstances of this case, and after reviewing the record as a whole, we conclude that the appellant's selection of military judge alone was a voluntary and knowing decision and that there was substantial compliance with Article 16, UCMJ. *Id.; United States v. Mayfield*, 45 M.J. 176, 178 (C.A.A.F. 1996).

The military judge informed the appellant of his right to trial by members at the initial Article 39(a), UCMJ, session and arraignment. Record at 7. The appellant acknowledged his understanding of his forum selection right and confirmed that he had discussed his options with his trial defense counsel. *Id*. The appellant reserved his forum selection decision for a future date. *Id*. Additionally, he acknowledged satisfaction with his detailed defense counsel and requested that detailed defense counsel continue to represent him. *Id*. at 6.

Prior to trial, the appellant, through counsel, elected to be tried by military judge alone. AE V. The appellant was present when the trial began and was present throughout the trial with no objection. The defense counsel did not *voir dire* or seek to challenge the military judge. Record at 51. Additionally, nowhere in the trial record is there evidence that

6

the appellant or his defense counsel during trial challenged or even questioned the appellant's previous forum selection that he had made through counsel. AE V. The appellant's trial defense counsel gave an opening statement, cross-examined the four witnesses called by the prosecution, moved the court for a finding of not guilty under R.C.M. 917, called two witnesses as part of the defense case-in-chief to include the appellant, and made a closing argument. At no point does the record suggest that the appellant was unaware that the military judge was the fact finder or that the appellant's choice of forum was involuntary or coerced. Additionally, the military judge, prior to announcing sentence, acknowledged his failure to discuss forum selection and indicated that he had assembled the court in accordance with the defense's request to be tried by military judge alone. Record at 166. At that point the appellant had an additional opportunity to object, but failed to do so.

Under the circumstances in this case, we hold that there was substantial compliance with Article 16. Central to our analysis is the fact that the military judge discussed with the appellant his choice of forum and the fact that the appellant acknowledged that he had discussed his forum rights with his defense counsel. Record at 7. As such, we distinguish the facts in this case from our holding in *United States v. Goodwin*, 60 M.J. 849 (N.M.Ct.Crim.App. 2005). We set aside Private First Class Goodwin's court-martial because there was no evidence in the record of a "proper advisement of forum rights." *Id*. at 851. Accordingly, we hold consistent with *Turner* and *Mayfield* that there was substantial compliance with Article 16 and we discern no prejudice that flowed from the military judge's failure to fully comply with the requirements of Article 16.[4]

---

[4] We are not persuaded by the appellant's argument that he was entitled to be tried by a military judge of his personal selection. The military judge who informed the appellant of his forum rights did not specify which military judge would sit. Rather, that military judge stated that if the appellant elected trial by military judge alone, "the military judge would determine [the appellant's] guilt or innocence . . . ." Record at 7. *See Mayfield*, 45 M.J. at 178 (holding that there was substantial compliance with Article 16 even though the military judge who informed Mayfield of his forum selection was not the same judge who conducted the providence inquiry into Mayfield's pleas).

## Conclusion

The findings and the sentence, as approved by the convening authority, are affirmed.


For the Court



R.H. TROIDL
Clerk of Court