# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**GEOFFRED E. GATLIN**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201400291**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 17 April 2014.
**Military Judge:** LtCol C.M. Greer, USMC.
**Convening Authority:** Commanding General, U.S. Marine Corps Forces, Special Operations Command, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Maj S.B. Patton, USMC.  **Addendum:** LtCol J.E. Galvin, USMC.
**For Appellant:** LT David Warning, JAGC, USN.
**For Appellee:** Maj Tracey Holtshirley, USMC; Capt Matthew M. Harris, USMC.

**29 January 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of sodomy with a child under twelve; one specification of sodomy with a child under sixteen; one specification of indecent acts with a child; two specifications of abusive sexual contact with a child; one specification of indecent liberties with a child; one specification of aggravated

sexual assault of a child; and one specification of sexual assault of a child, in violation of Articles 120, 120b, 125, and 134, Uniform Code of Military Justice,10 U.S.C. §§ 920, 920b, 925, and 934.

The military judge sentenced the appellant to reduction to pay grade E-1, forfeiture of all pay and allowances, confinement for 45 years, and a dishonorable discharge. The convening authority approved the sentence as adjudged but, pursuant to the terms of the pretrial agreement, suspended execution of confinement in excess of 25 years.

We have examined the record of trial and the appellant's sole assignment of error alleging that the military judge erred by failing to award the appellant additional credit for illegal pretrial confinement. We conclude that the findings and sentence are correct in law and fact and find no error materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant was initially placed in pretrial confinement on 15 February 2013 following allegations that he had sexually assaulted his biological daughter. He was released from pretrial confinement on 21 February 2013 and placed on pretrial restriction. Following new allegations involving sexual misconduct, the appellant was returned to pretrial confinement on 19 July 2013. On 25 July 2013, an initial review of the appellant's confinement was conducted in accordance with RULE FOR COURTS-MARTIAL 305, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). The hearing officer was a Marine Corps major and the hearing was attended by the appellant's commanding officer, a Marine Corps colonel, who testified at the hearing. The hearing officer determined that continued pretrial confinement was warranted.

At a pretrial hearing, the appellant moved the court to award additional pretrial confinement credit, arguing that the hearing officer abused his discretion by, inter alia, considering the commanding officer's testimony. The parties offered evidence, including the testimony of the hearing officer, after which the military judge entered thorough findings of fact and conclusions of law, wherein he denied the appellant's motion for additional pretrial confinement credit. The appellant then entered unconditional pleas of guilty to the charges set forth above. Nonetheless, the appellant now seeks review of the military judge's ruling on the motion for additional pretrial confinement credit.

## Discussion

"An unconditional guilty plea generally waives all pretrial and trial defects that are not jurisdictional or a deprivation of due process of law." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citation omitted). Should waiver not apply, this court would review the military judge's ruling on the legality of pretrial confinement for an abuse of discretion. *United States v. Wardle*, 58 M.J. 156, 157 (C.A.A.F. 2003). There is an abuse of discretion when a military judge relies upon erroneous facts or an erroneous view of the law. *See United States v. Taylor*, 47 M.J. 322, 325 (C.A.A.F. 1997); *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995). An appellate court "should limit its review to the facts [that were] before the deciding official." *United* States *v. Gaither*, 45 M.J. 349, 351 (C.A.A.F. 1996). Applying these principles, and adopting the military judge's findings as our own, we conclude the military judge did not abuse his discretion.

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court



R.H. TROIDL
Clerk of Court