# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39376**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon P. GRIGGER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 3 June 2019

————————————

*Military Judge:* J. Wesley Moore.

*Approved sentence:* Dishonorable discharge, confinement for 5 years, total forfeiture of pay and allowances, and reduction to E-1. Sentence adjudged 24 August 2017 by GCM convened at Beale Air Force Base, California.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Colonel Julie L. Pitvorec, USAF; Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major J. Ronald Steelman, III, USAF; Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Judge KEY delivered the opinion of the court, in which Senior Judge JOHNSON and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

KEY, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of four specifications of sexual abuse of a child, two specifications of soliciting another to commit an offense, and two specifications of receiving child pornography, all on divers occasions, in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 934 (2016). The military judge sentenced Appellant to a dishonorable discharge, confinement for five years, total forfeiture of pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant asserts the military judge abused his discretion by only granting 141 days of credit for illegal pretrial confinement.[1] We find no prejudicial error and affirm.[2]

## I. BACKGROUND

In May 2016, Appellant came under investigation after he placed an advertisement on Craigslist seeking men with whom to engage in sexual encounters. A civilian law-enforcement agent posing as a 13-year-old boy responded to Appellant, and the two began a conversation in which Appellant and the agent discussed meeting up to engage in sexual activity. Appellant also sent the agent a picture of a penis. Shortly thereafter, Appellant was arrested by civilian law enforcement and subsequently released after questioning by state and military investigators. Pursuant to a search authorization, Air Force Office of Special Investigations (AFOSI) agents seized a variety of electronic devices and digital media from Appellant, leading to the discovery of communications between Appellant and the two child victims named in the

---

[1] Appellant raises this issue personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Appellant's clemency submission misstated the adjudged sentence as a dishonorable discharge, confinement for five years, reduction to the grade of E-1, and a reprimand (*i.e.,* Appellant's submission omitted the forfeitures and added a reprimand). The staff judge advocate's recommendation stated the correct sentence. Appellant requested additional pretrial confinement credit "or an additional remedy" based upon pretrial confinement conditions; he did not discuss either the forfeitures or the reprimand in his submission. Appellant's misstatement did not materially prejudice any of his substantial rights; therefore the error does not warrant relief. *See United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005).

offenses for which he was tried.[3] Appellant's interaction with these children included him sending, soliciting, and receiving lewd images, engaging in mutual masturbation over video calls, making repeated entreaties to meet the boys in order to engage in oral and anal sex, and communicating a significant amount of indecent language.

On 20 March 2017, while the investigation was still ongoing, Appellant responded to a Craigslist advertisement posted by an AFOSI agent pretending to be an 18-year-old female living with her parents on Beale Air Force Base (AFB). During the ensuing discussion, Appellant sent a shirtless but non-obscene picture of himself and discussed non-sexual matters with the agent until the agent asserted this female was only 14 years old, at which point Appellant ceased conversing with the agent. Continuing to use the same alias, the agent tried to reinitiate contact with Appellant for approximately two weeks, but Appellant did not respond. The agent—who was participating in the ongoing investigation stemming from the May 2016 events—recognized Appellant, and Appellant's leadership was notified about Appellant's response to the March 2017 Craigslist ad. Appellant's commander then ordered Appellant into pretrial confinement in Sutter County (California) Jail on 5 April 2017. On 7 April 2017, a pretrial confinement reviewing officer ratified the commander's decision to confine Appellant, reasoning,

> In spite of the pending felony legal action, OSI interview, and seizure of electronic devices [Appellant] initiated contact, through the internet with a stranger, that a reasonable individual would consider to be a dependent of an active duty member and more likely than not a minor. This action suggests a predatory nature and makes it foreseeable that [Appellant] will engage in serious misconduct and that less severe forms of restraint are inadequate.

On 17 May 2017, trial defense counsel petitioned Appellant's chain of command to release Appellant from pretrial confinement due to conditions at the county jail (including Appellant being locked in his cell 23 hours a day, the unclean condition of the facility, and the lack of basic amenities) and due to the absence of a legitimate basis for placing Appellant in pretrial confinement. Appellant's request to be released was denied. On 30 May 2017, after receiving notice of the denial, trial defense counsel requested Appellant be moved to a military confinement facility. Appellant's commander did not re-

---

[3] Appellant was not charged with any offenses arising out of his communications with the civilian law-enforcement agent.

spond to this request. Appellant remained at the Sutter County Jail through the completion of his trial on 24 August 2017.

At trial, Appellant moved the trial court to grant additional credit for his pretrial confinement, and he supported his motion with a personal affidavit. He based his request on two main grounds: (1) that he was subject to poor living conditions at the jail and (2) that he should not have been placed in pretrial confinement in the first place. With respect to the first ground, Appellant argued he was in a cell, alone, for 23 hours each day; the facility was unclean (specifically the showers were "lined with mold" and had "clouds of gnats and other insects"); the recreation area was small and "smell[ed] of urine, feces, and garbage;" visitation was limited; his uniform consisted of an orange shirt and striped pants; inmates' underwear and sheets were "stained by the feces, urine, and semen of the other inmates" who previously used them;[4] and he was largely segregated from other confinees and, when he was not segregated, he was housed with at least one post-trial confinee.[5] As to the second ground, Appellant argued his crimes were known to his command by mid-2016, yet he was placed in pretrial confinement only after a non-sexual conversation with a person he believed to be an 18-year-old female (with whom he cut off contact once she said she was only 14 years old). Trial defense counsel asked the military judge to award Appellant six-to-one credit for Appellant's time in pretrial confinement.

---

[4] On this point, Appellant wrote in his affidavit:

> The underwear we are issued is communal – you don't get to keep the same underwear. The underwear I wear, and am currently wearing, is dyed brown. Another inmate who has been in and out of Sutter County for the last two years told me that the underwear issued used to be white, but it was continuously stained by unsanitary cleaning at the facility. But since it was continuously stained, now they simply issue brown underwear and sheets. He told this to me through a vent – which is how we inmates can sometimes communicate. The sheets I sleep on are also similarly rotated. They are also stained by the feces, urine, and semen of the other inmates who have worn them before me. We inmates talk about the fact that we pass around and wear and sleep in each other's feces and semen.

[5] Appellant's views on whether being separated from other confinees was a negative or a positive are somewhat difficult to discern. In his affidavit, Appellant seems to complain he was being held in "maximum security solitary confinement," but he also notes that "being by [himself] is preferable to being in danger, or having a cellmate that might hurt [him]."

In support of the motion, trial defense counsel called Beale AFB's confinement noncommissioned officer in charge (NCOIC), who testified that Beale AFB does not have its own confinement facility, but the base had a memorandum of agreement with Sutter County Jail for the purpose of confining military members. He also testified that the jail is about 30 minutes away from the base. He inspected the Sutter County Jail and did not find any evidence of mold or bugs in the showers, although the showers "were a little dirty," and he saw "soap scum and . . . things of that nature." The NCOIC said the recreation yard was clean and did not smell like urine, but he did see "a couple of flies" there.

Trial defense counsel also called Appellant's First Sergeant, Master Sergeant (MSgt) EV, who visited Appellant at Sutter County Jail one time. She testified Appellant told her during the visit that being in solitary confinement was "okay" and that he "didn't want to have any cellies [sic] with him . . . he did not want anyone in that space with him" due to safety concerns. MSgt EV told Appellant he was not to be housed with any foreign nationals or post-trial inmates and concerns should be raised through his trial defense counsel.

Trial counsel called Sutter County Jail's second-in-command, Lieutenant NB, in opposition to Defense's motion. Lieutenant NB testified that confinees accused of sex offenses are routinely segregated from the rest of the jail population and housed in an eight-person sex-offense block due to the threat of violence from other inmates.[6] He said military confinees facing sex charges may be further segregated into single-person units to avoid commingling them with any foreign nationals being held in the sex-offense jail block. Appellant was initially housed in a single-person unit until female inmates were placed in that area, necessitating Appellant's move to an eight-person block occupied by one other inmate. Lieutenant NB further testified Appellant was made aware of, but never utilized, the jail grievance process for making complaints.

---

[6] Lieutenant NB explained:

> [P]eople that are in our sex offender tank or even in our protective custody tank are more prone to violence . . . from other inmates. They will hurt them if we put them in another tank in the general population tank, so we have to keep them separated. . . . The purpose is to keep them safe.

This applied both to pretrial confinees accused of sex offenses and inmates convicted of sex offenses.

Neither party called Appellant's commander, Lieutenant Colonel (Lt Col) MM, to testify on the motion. Trial counsel did attach to the Government's response to Appellant's motion an email from Lt Col MM dated the day before trial. The email read in relevant part:

> The location of [Appellant's] confinement and condition of his confinement were not taken lightly either both before and after interaction with defense counsel. Concerns were raised by his defense counsel concerning his confinement conditions in addition to the pre-confinement [sic] itself. Competent Air Force authorities and frequent visits by his unit identified no credible evidence that the facility and its practices violated Air Force policy or compelled other actions. The use of solitary confinement by the confinement facility ensured [Appellant] as a military member was not in the population with foreign nationals. Upon the request of the defense to consider alternative confinement facilities, I explored Department of Defense options to include facilities in California. I determined the current local facility was the most viable option to ensure he was available for trial, close to his unit for visits by them, fit best within logistical and manpower requirements, and best support him logistically as requested and where possible to assist in his personal affairs.

In the military judge's findings of fact, he found that, during the time Appellant was held at the Sutter County Jail in a single-person housing unit, Appellant spent 23 hours each day alone in a cell but was allowed an hour each day to make phone calls and attend to personal hygiene. The military judge found Appellant was placed in this unit for several purposes, including protecting him—an accused sex offender—from violence at the hands of other prisoners. The military judge found Appellant never used the jail's complaint system and Appellant told his first sergeant that he did not want to be housed with other confinees.[7]

The military judge reviewed Appellant's complaints under both Article 13, UCMJ, 10 U.S.C. § 813, and Rule for Courts-Martial (R.C.M.) 305. He determined there was no evidence of any intent to punish Appellant, and the conditions of confinement were not unduly harsh.

---

[7] Although Appellant did not use the jail's complaint process, his trial defense counsel did outline Appellant's concerns with his confinement conditions in the 17 May 2017 request for Appellant's release.

The military judge, however, did determine the decision of Appellant's commander to order Appellant into pretrial confinement and the pretrial confinement reviewing officer's decision to ratify the commander's order constituted abuses of discretion. The military judge described these decisions as "puzzling," and he pointed to both the lack of impropriety involved in Appellant responding to the March 2017 Craigslist ad putatively posted by an 18-year-old adult and the lack of evidence of any misconduct by Appellant in the 11 preceding months. The military judge ordered 141 days of illegal pretrial confinement credit "based on the lack of probable cause to support [Appellant's] confinement" in addition to the 141 days of credit Appellant was already entitled to.

On appeal, Appellant asserts the military judge abused his discretion by only granting Appellant day for day illegal pretrial confinement credit.[8] Appellant has submitted a declaration in support of his appeal wherein Appellant argues the military judge abused his discretion by not granting "at least" ten-to-one credit. He bases his appeal on the following: (1) Appellant's leadership told him he would be brought to trial within 120 days, but he was in pretrial confinement for 141 days; (2) he was confined to his cell "for at least 24 hours a day" [sic]; (3) he suffered from malnutrition at the jail; (4) shower facilities were dirty and unhygienic; (5) the jail was unclean and had a foul smell; (6) he had to wear "dirty, feces-stained underwear;" (7) his requests to be placed into a military confinement facility were denied; and (8) he was housed with a post-trial inmate.

## II. DISCUSSION

Whether Appellant is entitled to sentence relief due to a violation of either Article 13, UCMJ, or R.C.M. 305(k) is a mixed question of law and fact. *United States v. Savoy*, 65 M.J. 854, 858 (A.F. Ct. Crim. App. 2007) (citing *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997)). The burden of establishing entitlement to such relief is on Appellant. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002) (citation omitted). We will not overturn a military judge's findings of fact, including a finding regarding intent to punish, unless those findings are clearly erroneous. *Id.* (citing *United States v.*

---

[8] Appellant cites the Eighth Amendment to the United States Constitution as the basis for his claim on appeal. Trial defense counsel's motion, however, alleged violations of Article 13, UCMJ, and R.C.M. 305(k). Eighth Amendment analysis is appropriate in post-trial punishment cases, while Article 13, UCMJ, and R.C.M. 305(k) pertains to pretrial confinement. Therefore, we will confine our review to these latter two bases.

*Smith*, 53 M.J. 168, 170 (C.A.A.F. 2000)). Whether Appellant is entitled to relief for a violation of Article 13, UCMJ, is reviewed *de novo. Id.*

When an appellant fails to seek sentence relief for pretrial punishment, the issue is waived absent plain error. *United States v. Inong*, 58 M.J. 460, 465 (C.A.A.F. 2003) (citation omitted). "Under a plain error analysis, the accused 'has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused.'" *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014) (quoting *United States v. Tunstall*, 72 M.J. 191, 193–94 (C.A.A.F. 2013)).

"Article 13, UCMJ, prohibits two things: (1) the imposition of punishment prior to trial, and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused's presence for trial." *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005). Under the first prohibition, we examine the intent of the confinement officials and the purposes of the restrictions or conditions at issue. *Id.* (citations omitted). Under the second, we consider whether the conditions were "sufficiently egregious [to] give rise to a permissive inference that an accused is being punished, or the conditions . . . so excessive as to constitute punishment." *Id.* at 227–28 (citations omitted).

Servicemembers may seek confinement credit under R.C.M. 305(k) for noncompliance with pretrial confinement procedures, unduly harsh circumstances, and abuses of discretion by pretrial confinement authorities. *See United States v. Williams*, 68 M.J. 252, 253 (C.A.A.F. 2010) (citing *United States v. Adcock*, 65 M.J. 18, 24 (C.A.A.F. 2007)). The remedy for procedural violations of certain sections of R.C.M. 305 is one day of administrative credit against adjudged confinement for each day of confinement served due to such violations. R.C.M. 305(k). A military judge "may order additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances." *Id.*

Having reviewed the trial record in its entirety, we find Appellant forfeited two of his claims by failing to seek sentence relief at trial: that his leadership told him he would be brought to trial sooner than he was and that he suffered from malnutrition at the jail. Appellant did not raise these issues at trial, and he has failed to establish plain error before this court. *See United States v. Crawford*, 62 M.J. 411, 414 (C.A.A.F. 2006). Regarding Appellant's complaint about dirty underwear, Appellant produced no evidence in support of this claim beyond the bald assertion in his affidavit based solely upon what he heard from an unidentified inmate through a vent. Without more, Appellant has failed to establish his claim is true, much less that he is entitled to relief.

With respect to Appellant's claims about the cleanliness of the shower and recreation facilities, these assertions were rebutted not just by the testimony of Lieutenant NB from the Sutter County Jail but also by the Beale AFB confinement NCOIC, who was free from the biases jail employees in managerial positions may have. Both witnesses testified that what Appellant claimed was mold in the shower was actually just soap scum. After hearing testimony and reviewing the evidence on the defense motion for illegal pretrial confinement credit, the military judge concluded, "[w]hile the sanitary conditions of [Appellant's] detention were not ideal, they did not render the conditions of his detention unduly harsh." After our review of the military judge's findings of fact, we determine the findings are well supported by the evidence. Appellant has raised no serious challenge to those findings, and we see no clear error in them. We agree with the military judge that the conditions were not unduly harsh and therefore warrant no relief under either Article 13, UCMJ, or R.C.M. 305(k).

Appellant's claim that he was confined to his cell for approximately 23 hours a day[9] while housed in the single-person unit is borne out by the evidence, but the record is lacking any evidence that this 23-hour daily confinement arose out of an intent to punish Appellant. While he argues the conditions of his confinement were "deplorable" and "far below standards," Appellant discounts the fact that he—by his own admission and through evidence adduced by his trial defense counsel—was allowed out of his cell for at least an hour each day to shower and attend to personal matters; to go to the recreation yard (for an additional 60 minutes every other day, unless the outside temperature exceeded 100 degrees); to visit the jail's common area; to make phone calls; to have visitors; to receive reading material; and to receive packages and food sent by family members. The military judge concluded the conditions of Appellant's confinement were for legitimate purposes, to include protecting Appellant from the other inmates. We agree. Being confined pending trial necessarily involves a degree of deprivation, but Appellant has not presented any evidence that he was singled out for discriminatory treatment, that restrictions imposed were arbitrary or for any improper purpose, or that the conditions were unduly harsh.

Appellant also takes issue with the denial of his request to be placed into a military confinement facility. Appellant has not shown that the decision to utilize the Sutter County Jail versus a military confinement facility evidences

---

[9] Although Appellant asserts he was confined to his cell "for at least 24 hours a day," other evidence adduced at trial indicates 23 hours is the correct figure.

an intent to punish him. Beale AFB has a memorandum of agreement with the jail, and Lt Col MM explained that the jail was the best option for supporting visits by members of Appellant's unit and that using a local facility was "the most viable option to ensure [Appellant] was available for trial." Ensuring a pretrial confinee has the ready ability to be visited by unit leadership as well as avoiding lengthy travel times before and during trial proceedings are legitimate objectives. Appellant has not identified or offered any evidence of a more suitable confinement facility, so it is impossible to say whether or not placement in any other particular facility would actually have resolved Appellant's stated concerns. Because we have concluded the conditions at the Sutter County Jail were not unduly harsh, Appellant is not entitled to relief under either Article 13, UCMJ, or R.C.M. 305(k) for his commander's denial of his request to be placed in a military confinement facility.

Appellant has additionally raised the complaint he was housed with a post-trial inmate. Appellant alleges he shared a cell with a post-trial inmate for about three weeks after his 17 May 2017 request for release. He was later housed with a second post-trial inmate beginning approximately one week prior to trial. Other than the fact he was housed with post-trial inmates for about four weeks, Appellant has not identified any particular hardship he suffered by virtue of being housed with them. Notably, Appellant and the second cellmate were moved to a housing unit designed for eight people, and Appellant acknowledges that the change meant he and his cellmate—the only occupants of the eight-person block—had "24 hour access to a day room and other facilities." The mere fact a pretrial confinee is commingled with a post-trial inmate is not a *per se* violation of Article 13, UCMJ—it is just one factor to consider when assessing confinement conditions. *King*, 61 M.J. at 228 (citation omitted). Based upon the evidence presented and Appellant's failure to identify any harm or prejudice he suffered by virtue of being commingled with post-trial inmates, Appellant has not demonstrated that relief under either Article 13, UCMJ, or R.C.M. 305(k) is warranted.

With respect to the decision to place Appellant in pretrial confinement in the first place, we agree with the military judge: that decision was an abuse of discretion. The triggering event for Appellant's pretrial confinement was a legal on-line conversation between Appellant and an agent portraying an 18-year-old dependent in March 2017. Once the agent claimed to be 14 years old, Appellant cut off communication and did not reply to the agent's entreaties. Like the military judge, we find Appellant's conduct in March 2017, without more, does not support a conclusion Appellant would commit further serious misconduct. The military judge determined an additional 141 days of administrative credit for illegal pretrial confinement was warranted, and we will not grant additional credit or other relief based on the facts presented here.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the findings and the sentence are **AFFIRMED**.[10]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[10] During Appellant's court-martial, trial counsel—without defense objection—requested and obtained approval from the military judge to line through the words "involving sexual intercourse and oral sex" in Specifications 2 and 4 of Charge I. The charge sheet accompanying the record of trial does not reflect this modification, and the language is similarly included on the court-martial order, dated 11 December 2017. We order a corrected court-martial order.